EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Reliable Financial Services, Inc. y Universal Insurance Company | Certiorari |
| Peticionarios | 2017 TSPR 19 |
| v. | 197 DPR ____ |
| Estado Libre Asociado de Puerto Rico, Secretario de Justicia y Superintendente Policía de Puerto Rico | |
| Recurridos | |
| Ana I. Maldonado Rivera | |
| Peticionaria | |
| v. | |
| Estado Libre Asociado de Puerto Rico, et al. | |
| Recurridos | |

Número del Caso: CC-2014-304
            Cons. CC-2014-742

Fecha: 7 de febrero de 2017

Tribunal de Apelaciones:

        CC-2014-304:
            Región Judicial de Bayamón-Panel VII

        CC-2014-742:
            Región Judicial de San Juan y Guayama, Panel III

Abogados de la Parte Peticionaria:

            Lcda. Annette M. Prats Palerm
            Lcdo. Francis T. Pagán
            Lcda. Keila M. Ortega Casals

Oficina de la Procuradora General:

> Lcda. Margarita Mercado Echegaray
> Procuradora General
>
> Lcda. Tanaira Padilla Rodíguez
> Subprocuradora General
>
> Lcda. Karla Z. Pacheco Álvarez
> Subprocuradora General
>
> Lcda. Celia M. Montalvo Flores
> Procuradora General Auxiliar
>
> Lcda. María Astrid Hernández Martín
> Procuradora General Auxiliar
>
> Lcda. María C. Umpierre Marchand
> Procuradora General Auxiliar

Materia: Ley de Confiscaciones: Requisito para autorizar retención de propiedad incautada para fines investigativos conforme al Art. 13 de la Ley de Confiscaciones. Consecuencias legales de no emplazar al Secretaria de Justicia con una demanda de impugnación dentro del término jurisdiccional.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| Reliable Financial Services, Inc. y Universal Insurance Company<br><br>Peticionarios<br><br>v.<br><br>Estado Libre Asociado de Puerto Rico, Secretario de Justicia y Superintendente Policía de Puerto Rico<br><br>Recurridos<br><br>—<br><br>Ana I. Maldonado Rivera<br><br>Peticionaria<br><br>v.<br><br>Estado Libre Asociado de Puerto Rico, *et al*.<br><br>Recurridos | **CC-2014-0304**<br><br><br>CONSOLIDADO CON<br><br><br>**CC-2014-0742** | *Certiorari* |

Opinión del Tribunal emitida por el Juez Asociado SEÑOR FELIBERTI CINTRÓN

En San Juan, Puerto Rico, a 7 de febrero de 2017.

Estos recursos plantean dos (2) controversias asociadas al proceso de confiscación dispuesto en la Ley Uniforme de Confiscaciones de 2011, Ley Núm. 119-2011, 34 LPRA sec. 1724 *et seq.* (2016) (Ley Núm. 119-2011). Primeramente, en el recurso CC-2014-0304, examinamos los requisitos necesarios para autorizar la retención de propiedad incautada para fines investigativos conforme

dispuesto en el Art. 13 de la Ley Núm. 119-2011, 34 LPRA sec. 1724j (2016). De otra parte, en el recurso CC-2014-0742, resolvemos cuáles son las consecuencias legales de no emplazar al Secretario de Justicia con una demanda de impugnación de confiscación dentro del término jurisdiccional provisto en el Art. 15 de la Ley Núm. 119-2011, 34 LPRA sec. 1724l (2016).

**I**

**CC-2014-0304**

**A. TRASFONDO PROCESAL**

El 17 de febrero de 2011 se ocupó un automóvil marca Honda Civic del año 2004, tablilla FWT-299, por haberse utilizado en violación al Art. 198 del Código Penal, 33 LPRA sec. 4826 (2010) (robo), así como los Arts. 5.04 y 5.15 de la Ley de Armas, 25 LPRA secs. 458c y 458n (2008), respectivamente.

Para esa fecha Reliable Financial Services, Inc. (Reliable), en calidad de entidad financiera para la compra del vehículo, tenía un gravamen inscrito a su favor en el Registro de Automóviles del Departamento de Transportación y Obras Públicas de Puerto Rico.[1]

El Departamento de Justicia, a través de su Junta de Confiscaciones, notificó a Reliable la confiscación del

---

[1] El 19 de septiembre de 2012 se enmendó el Art. 15 de la Ley Uniforme de Confiscaciones de 2011 con el propósito de precisar que el término **"dueño"**, con derecho a impugnar la confiscación, se extiende a los acreedores con un gravamen inscrito, es decir, a las entidades financieras, así como a las aseguradoras en calidad de cesionarios del título de la propiedad confiscada. Art. 15 de la Ley Núm. 119-2011, 34 LPRA sec. 1724l (2016) (Ley Núm. 119-2012), según enmendada por la Sec. 1 de la Ley Núm. 262-2012. Esta disposición aclaratoria advino efectiva inmediatamente y su aplicación se hizo retroactiva al 12 de julio de 2011, fecha de aprobación de la Ley Núm. 119-2011, *supra*. Sec. 3 de la Ley Núm. 262-2012.

automóvil mediante carta fechada el 14 de abril de 2011 en la cual, en lo concerniente a este recurso, indicó lo siguiente:

> La ocupación en cuestión se verificó el día 17 de febrero de 2011, y obedeció a que el día 17 de febrero de 2011, el referido vehículo se usó en violación [al] Artículo 198 del Código Penal y Artículos 5.04 y 5.15 [de la] Ley de Armas en Toa Baja, Puerto Rico. La Certificación de Inspección de Vehículos de Motor preparada por el Negociado de Investigaciones de Vehículos Hurtados fue expedida el día 15 de marzo de 2011.

Reliable recibió la notificación el próximo día. Es decir, el 15 de abril de 2011.

El 26 de abril de 2011 Reliable y Universal Insurance Company (Universal) presentaron una Demanda impugnando la confiscación.[2] Entre otros fundamentos, alegaron que la notificación de la confiscación se hizo a destiempo. Cónsono con lo anterior, sometieron una *Moción Solicitando se Dicte Sentencia Sumaria* en la cual plantearon que, conforme a la Ley Uniforme de Confiscaciones de 1988, Ley Núm. 93 de 13 de julio de 1988, según enmendada, la notificación de la orden de confiscación debió hacerse dentro de los treinta (30) días siguientes a la ocupación del vehículo.

Entre tanto, el 12 de julio de 2011 se promulgó la Ley Uniforme de Confiscaciones de 2011 de aplicación retroactiva a los procedimientos iniciados bajo la anterior ley de confiscaciones. El nuevo estatuto

---

[2]     Universal Insurance Company había expedido previamente una póliza de seguros a favor de Reliable Financial Services, Inc. para cubrir el riesgo de confiscaciones.

introdujo una serie de modificaciones, entre ellas, enmiendas a los términos jurisdiccionales para notificar la orden de confiscación, los cuales aparecen consignados en el Art. 13 de la Ley Núm. 119-2011, *supra.*

Luego de varios incidentes procesales, el Gobierno se opuso a la solicitud de sentencia sumaria. Adujo que, a base de lo dispuesto en el mencionado Art. 13, contaba con un término de noventa (90) días desde la ocupación del vehículo para investigar el caso a partir del cual comenzaban a transcurrir los treinta (30) días dispuestos para notificar la confiscación.

El Tribunal de Primera Instancia declaró *No Ha Lugar* la solicitud de Reliable y Universal. Concluyó que, indistintamente de si se utilizaba la antigua ley de confiscaciones o el nuevo estatuto, el Gobierno contaba con un término de sesenta (60) días desde la ocupación de la propiedad para la notificación en controversia.

Universal y Reliable acudieron en alzada. No obstante, el Tribunal de Apelaciones se negó a revisar el asunto. Entendió que la determinación recurrida no se encontraba comprendida bajo ninguno de los criterios rectores para la expedición del auto de *certiorari*, según enumerados en la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40 (2012).

Inconformes, Reliable y Universal solicitaron nuestra intervención y el 31 de octubre de 2014 expedimos el auto de *certiorari* solicitado.

Se nos presentó el siguiente planteamiento como único error:

**ERRÓ EL HONORABLE TRIBUNAL DE APELACIONES AL DENEGAR LA EXPEDICIÓN DEL RECURSO DE CERTIORARI PRESENTADO Y NO DETERMINAR LA NULIDAD DE LA CONFISCACIÓN AÚN CUANDO LA CONFISCACIÓN FUE NOTIFICADA A RELIABLE FINANCIAL FUERA DE LOS 30 DÍAS JURISDICCIONALES DESDE LA OCUPACIÓN CONFORME LO DISPONE LA LEY UNIFORME DE CONFISCACIONES DE 2011.**

### B. PROCESO DE CONFISCACIÓN

A través de la confiscación se le confiere al Gobierno el título de aquellos bienes utilizados para fines ilícitos bajo cualquier estatuto que así lo autorice.[3] En otras palabras, la confiscación denota el acto mediante el cual el Estado se adjudica bienes que han sido utilizados para la comisión de determinados delitos. Reliable Financial Services, Inc. v. Depto. de Justicia de PR *et als.*, 2016 TSPR 140, 195 DPR ___ (2016); Flores Pérez v. ELA, 2016 TSPR 59, 195 DPR ___ (2016); Doble Seis Sport v. Depto. Hacienda, 190 DPR 763 (2014); Centeno Rodríguez v. ELA, 170 DPR 907, 912-913 (2007).

---

[3]    Así pues, la Ley Núm. 119-2011 reglamenta el proceso de confiscación en los siguientes supuestos:

[T]oda propiedad que resulte, sea producto o se utilice, durante la comisión de delitos graves y de aquellos delitos menos graves en los que por ley se autorice la confiscación, cuando tales delitos graves y menos graves se encuentren tipificados en el Código Penal de Puerto Rico, en las leyes de sustancias controladas, de armas y explosivos, en las leyes contra el crimen organizado, en las leyes de juegos prohibidos, bebidas alcohólicas, leyes fiscales, leyes contra la apropiación ilegal de vehículos, leyes de vehículos y tránsito y de embarcaciones; así como en otras leyes y en aquellos estatutos confiscatorios en los que por ley se autorice la confiscación. Art. 9 de la Ley Núm. 119-2011, según enmendado por la Ley Núm. 252-2011, 4 LPRA sec. 1724f (2016).

El proceso de confiscación es uno civil de naturaleza *in rem*. Es decir, va dirigido contra la propia cosa la cual, por ficción legal, se considera como la ofensora, y no contra su dueño, poseedor, encargado o persona con interés según dispuesto en el estatuto. Doble Seis Sport v. Depto. Hacienda, *supra*; BBV v. ELA, 180 DPR 681 (2011); Centeno Rodríguez v. ELA, *supra*. Véanse, además, el Art. 8 y la Exposición de Motivos de la Ley Núm. 119-2011, 34 LPRA sec. 1724e (2016). Este mecanismo opera como disuasivo contra los violadores de ley. Doble Seis Sport v. Depto. Hacienda, *supra*; Mapfre v. ELA, 188 DPR 517 (2013); Centeno Rodríguez v. ELA, *supra*. A pesar del carácter civil del proceso, hemos resuelto que los estatutos confiscatorios deben interpretarse restrictivamente. Íd.

## 1. Ley Núm. 119-2011

El 12 de julio de 2011 se sustituyó la antigua ley de confiscaciones,[4] por la Ley Núm. 119-2011, *supra*. El propósito de esta nueva disposición estatutaria fue prescribir las normas que han de regir el procedimiento en toda confiscación en Puerto Rico. Flores Pérez v. ELA, *supra*.

Esta ley se caracteriza por procurar la celeridad de los procesos conducentes a la confiscación de propiedad. Así pues, esta pieza legislativa persigue establecer "un trámite expedito, justo y uniforme" para la confiscación

---

[4] Ley Uniforme de Confiscaciones del 1988, Ley Núm. 93 de 13 de julio de 1988.

y subsiguiente disposición de estos bienes. *Exposición de Motivos de la Ley Núm. 119-2011, supra.* La importancia de que los procedimientos se den con prontitud responde en gran medida a que se encuentra implicado el debido proceso de ley del dueño o persona con interés en la propiedad. Igualmente existe la necesidad de aliviar la congestión en los tribunales asociada a este tipo de litigio, a la vez que es preciso evitar el deterioro de las propiedades ocupadas por el transcurso del tiempo. *Íd.*

> Es nuestra intención adelantar los esfuerzos de las instrumentalidades del Estado para viabilizar la confiscación de bienes utilizados en violación a los estatutos de las distintas legislaciones, así como establecer un procedimiento que provea una solución justa, **rápida** y económica de las demandas entabladas para impugnar la determinación administrativa de confiscar. (Énfasis nuestro). *Exposición de Motivos de la Ley Núm. 119-2011, supra.*

Como parte de sus postulados, se consigna específicamente como política pública del Estado desarrollar "mecanismos que **faciliten y agilicen**" el proceso de confiscación atendiendo a la vez los derechos de las partes afectadas por el proceso. (Énfasis nuestro). Art. 2 de la *Ley Núm. 119-2011, supra.* Ello siempre consciente de "la **premura** con que debe ser atendida una confiscación […]". (Énfasis nuestro). *Íd.*

El nuevo esquema normativo implanta un procedimiento expedito con requisitos estrictos aplicables tanto al Estado, como a las partes con interés en los bienes confiscados. El Gobierno cuenta con un periodo de

notificación limitado para poder validar su actuación.[5] Igualmente, aquellos que interesan impugnar el proceso vienen obligados a actuar con premura al presentar su demanda y posteriormente emplazar al Estado dentro de términos relativamente cortos.

## 2. Notificación

En lo atinente a la controversia ante nos, una vez se ordena la confiscación, existen **tres (3) términos** para el Estado notificar esta determinación al dueño o parte con interés en la propiedad, todos ellos jurisdiccionales.[6] Estos plazos aparecen consignados en el Art. 13 de la Ley Núm. 119-2011, *supra*.

Conforme a dicho precepto, como **norma general**, deberá cursarse la notificación dentro de los treinta (30) **días siguientes a la ocupación** de la propiedad.[7]

Por vía de **excepción**, en casos de vehículos de motor **ocupados en virtud de las disposiciones de la Ley para la Protección de la Propiedad Vehicular**, Ley de 5 de agosto de 1987, según enmendada, 9 LPRA sec. 3216(3) (2013) (Ley

---

[5]     Es importante destacar que el requisito de notificación tiene como propósito garantizarle a los dueños o partes con interés sobre la propiedad confiscada el debido proceso de ley el cual abarca el derecho a ser notificado adecuadamente y la oportunidad de ser escuchado. Reliable Financial Services, Inc. v. Depto. de Justicia de PR *et als.*, 2016 TSPR 140, 195 DPR ___ (2016); Flores Pérez v. ELA, 2016 TSPR 59, 195 DPR ____ (2016); BBV v. ELA, 180 DPR 681 (2011).

[6]     Cabe señalar que el plazo para notificar las órdenes de confiscación siempre será de treinta (30) días. Lo que varía es el punto de partida para computar ese periodo de tiempo, según reglamentado en cada uno de los esquemas provistos en el articulado.

[7]     Así pues, la disposición correspondiente el Art. 13 de la Ley Núm. 119-2011, 34 LPRA sec. 1724j (2016) (Ley Núm. 119-2011), dispone:

Toda confiscación se notificará por correo certificado dentro de un término jurisdiccional de **treinta (30) días, siguientes a la fecha de la ocupación física de los bienes**. (Énfasis nuestro).

Núm. 8), pueden transcurrir hasta sesenta (60) días desde la incautación hasta la notificación. Ello responde a que, cuando la ocupación se lleva a cabo a tenor de lo decretado en el mencionado esquema normativo, por mandato estatutario los agentes del orden público cuentan con un término de treinta (30) días para llevar a cabo una investigación sobre la procedencia y titularidad de los vehículos incautados.[8] Los treinta (30) días para notificar la confiscación comienzan a transcurrir una vez expirado ese término.[9]

Por último, se instituyó un periodo de notificación especial aplicable a situaciones muy particulares en las que el legislador entendió se justificaba la retención de la propiedad por tiempo adicional debido a su conexión con otros procesos. El Art. 13 de la Ley Uniforme de Confiscaciones de 2011, *supra*, según redactado inicialmente, identificó dos (2) posibles supuestos. Primeramente, se autorizaba esta dilación cuando la propiedad fuese **incautada y retenida** para propósitos

---

[8]     En lo pertinente, el Art. 14 de la Ley para la Protección de la Propiedad Vehicular, Ley Núm. 8 de 5 de agosto de 1987, 9 LPRA sec. 3213 (2013) (Ley Núm. 8), según enmendado por el Art. 1 de la Ley Núm. 95-1999, establece lo siguiente:

> Se faculta a los agentes del orden público a detener e inspeccionar y retener para investigación por el periodo de tiempo que razonablemente sea necesario que **no exceda de treinta (30) días calendario,** cualquier vehículo o pieza cuando ocurra una o más de las circunstancias que se mencionan a continuación[…]. (Énfasis nuestro).

[9]     En estos casos, la notificación se hará dentro del plazo de treinta (30) días, contados a partir de los treinta (30) días provistos para las indagaciones pertinentes sobre el bien ocupado. A esos efectos, el Art. 13 de la Ley Núm. 119-2011, *supra*, específicamente dispone:

> Un vehículo ocupado al amparo de la Ley para la Protección de la Propiedad Vehicular [Ley Núm. 8], no será confiscado a favor del Gobierno de Puerto Rico hasta tanto se culmine el procedimiento dispuesto en dicha ley. El mismo se mantendrá bajo la custodia de la Policía hasta que se culmine la investigación correspondiente.

**investigativos relacionados** a un caso civil, criminal o administrativo. Asimismo, cuando ésta sirviese como evidencia física en un caso.

Sin embargo, el texto original de la Ley Núm. 119-2011, *supra*, **no** precisó un plazo definido para efectuar la notificación bajo ninguno de estos dos escenarios. Simplemente dispuso que el término de treinta (30) días para notificar la confiscación comenzaría a discurrir una vez concluyese la acción y se expidiese la correspondiente orden de confiscación.[10]

Transcurrido poco más de un año de su promulgación, a través del Art. 4 de la Ley Núm. 252-2012, se modificó el precitado Art. 13 con el fin de establecer un término máximo de noventa (90) días para culminar la investigación relacionada a la propiedad incautada y expedir la orden de confiscación correspondiente. Se añadió además, como alternativa adicional para retener los bienes durante este periodo recién fijado, aquellas situaciones en que la propiedad incautada resultase "indispensable para la investigación". Íd. Por lo demás, el articulado permaneció esencialmente

---

[10] El Art. 13 de la Ley Núm. 119-2011, *supra*, inicialmente disponía lo siguiente:

En aquellos casos que se incaute y retenga cualquier propiedad para alguna investigación relacionada a cualquier acción penal, civil, administrativa o cualquier otra, o como evidencia física, los treinta (30) días para notificar comenzarán a contarse una vez concluya dicha acción y se expida la correspondiente orden de confiscación.

inalterado.[11]       Este    precepto    entró    en    vigor

**prospectivamente** a partir del **15 de septiembre de 2012**,

fecha de su aprobación.[12]

El propósito de esta enmienda fue aclarar ciertas disposiciones de la Ley Uniforme de Confiscaciones de 2011, así como facilitar su implantación. Exposición de Motivos de la Ley Núm. 252-2012. La inserción del término de noventa (90) días en el Art. 13 de la Ley Núm. 119-2011, *supra*, respondió a la necesidad de establecer un plazo fijo para concluir la etapa investigativa y así evitar que la Policía retuviese vehículos incautados por un tiempo indeterminado previo a solicitar su confiscación. Esta situación propendía al deterioro de la propiedad, a la vez que se privaba al ciudadano de su propiedad por tiempo indefinido. El Departamento de Justicia estuvo conforme con el periodo propuesto de noventa (90) días por entender que resultaba suficiente para culminar la investigación aludida en la enmienda. El término cierto redundaría en beneficio, tanto para el Estado como para el dueño de la propiedad. Véanse el Informe Conjunto Positivo sobre el P. del S. 2317 de las

---

[11]     Así pues, el Art. 13 de la Ley Núm. 119-2011, *supra*, luego de la enmienda decretada en virtud del Art. 4 de la Ley Núm. 252-2012, dispone como sigue:

> En aquellos casos en que se incaute y retenga cualquier propiedad para alguna investigación relacionada con cualquier acción penal, civil, administrativa o cuando el bien es indispensable para la investigación o como evidencia en el caso, el término para culminar la investigación y emitir la orden de confiscación no excederá de noventa (90) días. Los treinta (30) días para notificar la confiscación comenzarán a contarse una vez concluya dicha acción y se expida la correspondiente orden de confiscación.

[12]     No se dispuso para su aplicación retroactiva. Véase Art. 7 de la Ley Núm. 252-2012.

Comisiones de Seguridad Pública y Asuntos de la Judicatura; y de Hacienda del Senado de Puerto Rico y el Informe Positivo sobre el P. del S. 2317 de la Comisión de lo Jurídico de la Cámara de Representantes de Puerto Rico.

### C. DISCUSIÓN

La incautación del vehículo objeto del recurso CC-2014-0304, efectuada el 17 de febrero de 2011, se realizó conforme a la Ley Uniforme de Confiscaciones del 1988. No obstante, el 12 de julio de 2011 se derogó este estatuto y se suplantó por la Ley Núm. 119-2011, *supra*. La nueva ley de confiscaciones entró en vigor inmediatamente y dispuso para su aplicación retroactiva a **todos los procedimientos pendientes a esa fecha.**[13] Por lo tanto, el Art. 13 de la Ley Núm. 119-2011, *supra*, según promulgado **inicialmente**, rige en este recurso. La enmienda posterior fijando **límite** al periodo de la investigación es inaplicable por carecer de vigencia retroactiva. Sin embargo, ello no tiene consecuencia ulterior para nuestro dictamen en el día de hoy, ya que disponemos del asunto a base de una de las contingencias del aludido Art. 13 que se mantuvo inalterada: el imperativo que la retención sea para **propósitos investigativos.**

En lo relevante, el mencionado Art. 13 expresamente limita su aplicación a aquellos casos en los que "se

---

[13]   Arts. 28 y 30 de la Ley Núm. 119-2011, 34 LPRA secs. 1724w y 1724n (2016).

incaute **y** retenga cualquier propiedad para alguna investigación relacionada con cualquier acción […]". (Énfasis nuestro). Como puede apreciarse, el lenguaje del estatuto es claro sobre este particular.[14] **Ambas** condiciones, es decir, la incautación, así como la retención para fines investigativos, tienen que darse conjuntamente. En este sentido, para fines de esta disposición, no es menos importante determinar la justificación inicial para intervenir con la propiedad.

Por lo tanto, para el Estado poder justificar la retención de propiedad confiscada a base del último supuesto del Art. 13 de la Ley Núm. 119-2011, *supra*, es menester determinar si esa propiedad fue incautada **y** retenida con el **propósito** de asistir en alguna investigación concerniente a un caso. A esos efectos, deben cumplirse los siguientes requisitos. Primeramente, que contemporáneamente o cercano a la incautación exista o se inicie algún tipo de **investigación** de naturaleza civil, penal o administrativa. De otra parte, que esa investigación esté de alguna manera **vinculada** a la razón para ocupar la propiedad incautada. En otras palabras, que el **motivo inicial** para intervenir y retener la propiedad sea **relevante** a la pesquisa.

---

[14] Cabe recordar que la interpretación de los estatutos comienza examinando su texto. Si el lenguaje allí consignado es claro e inequívoco, refleja concluyentemente la intención del legislador y resultan redundantes indagaciones ulteriores. Rosado Molina v. ELA, 2016 TSPR 95, 195 DPR ____ (2016); Spyder Media, Inc. v. Mun. de San Juan, 194 DPR 546 (2016); Doble Seis Sport v. Depto. Hacienda, 190 DPR 763 (2014).

De esta forma cumplimos con la máxima consignada en el Art. 14 del Código Civil de Puerto Rico, 31 LPRA sec. 14 (2015), la cual dispone: "[c]uando la ley es clara libre de toda ambigüedad, la letra de ella no debe ser menospreciada bajo el pretexto de cumplir su espíritu".

Conforme esta disposición aparece redactada, no es suficiente aludir simplemente a una supuesta investigación en términos vagos y generalizados. El estatuto exige establecer, tanto la naturaleza de la investigación, como la necesidad de retener la propiedad para fines **asociados** a esa investigación.

A tono con lo anterior, es preciso que la investigación a llevarse a cabo esté relacionada con la razón **inicial** para ocupar el automóvil. Por consiguiente, el Estado no puede justificar la retención una vez pasados los treinta (30) días, a base de eventos posteriores desconectados con la incautación inicial, tales como la inspección mandatoria decretada por la Ley Núm. 8, *supra*. De ahí que una inspección rutinaria realizada *a posteriori* con el único fin de verificar si el vehículo cumple con las exigencias de la Ley para la Protección Vehicular es irrelevante puesto que no guarda relación con las violaciones imputadas que dieron base a la ocupación del vehículo en este recurso.

Debido a las implicaciones de rango constitucional que conlleva la confiscación de propiedad, el Gobierno no cuenta con discreción absoluta para retener bienes privados por tiempo suplementario meramente a causa de una investigación. Cabe recordar que esta disposición constituye una **excepción** al término ordinario de treinta (30) días para la notificación a partir de la incautación. Por lo cual, el Gobierno únicamente podrá

aprovecharse del plazo adicional si cumple con cada una de las exigencias enumeradas en el último postulado del Art. 13 de la Ley Núm. 119-2011, *supra*, que, para efectos de este recurso, específicamente limitan este supuesto a investigaciones vinculadas a la incautación original. No podemos pasar por alto que venimos obligados a interpretar las disposiciones atinentes a las confiscaciones de manera restrictiva.

El Gobierno ha planteado razones de política pública que justifican un término más amplio para la notificación, a la vez que aduce que el vehículo en cuestión fue ocupado para fines investigativos.

Primeramente argumenta que treinta (30) días desde la ocupación puede resultar insuficiente para concluir investigaciones asociadas a actividades delictivas que pueden tornarse complejas y que de alguna forma involucran propiedad incautada. Igualmente alude a la necesidad de establecer un balance entre el interés del Estado de investigar adecuadamente como parte de su función de fiscalizar el cumplimiento de las leyes del orden público y el interés de la persona particular a no ser expuesta a un procedimiento o acción innecesaria contra su propiedad. Asimismo el Estado intenta utilizar la Certificación de Inspección de Vehículos de Motor preparada por el Negociado de Investigaciones de Vehículos Hurtados aludida en la notificación para evidenciar una investigación. Plantea, además, que la

Ley Núm. 119-2011, *supra*, no le obliga a acreditar las gestiones investigativas como requisito previo a emitir una orden de confiscación.

Sin embargo, sus afirmaciones constituyen expresiones imprecisas de principios generales sin abordar el punto medular de la controversia. Es decir, la relevancia del vehículo para cualquier investigación en progreso a raíz de la incautación. Sus argumentos no han pasado de ser eso; meras alegaciones sin que las acompañe ningún tipo de prueba que establezca la conexión entre supuestas investigaciones y la ocupación de la propiedad.

El hecho que se hayan ocupado armas en el automóvil no implica que automáticamente el vehículo sea relevante para alguna investigación ulterior sobre posibles cargos criminales contra los ocupantes. En sus escritos, el Gobierno no detalla en qué consistió la supuesta investigación; cuál fue su propósito, y su nexo con el vehículo. Por ejemplo, no existe ninguna referencia en el expediente que alerte sobre la necesidad de realizar algún tipo de inspección ulterior para levantar huellas dactilares, DNA o residuos de sustancias controladas, sangre o pólvora. Tampoco se desprende que fuera pertinente algún examen pericial concerniente al estado o funcionamiento de los frenos, gomas u otros componentes del vehículo.

No existe controversia que la notificación de la orden de confiscación en este recurso se efectuó pasados los treinta (30) días desde la incautación del vehículo. Tampoco se alega que se ocupó en virtud de la Ley para la Protección Vehicular. De hecho, la propia notificación alerta expresamente que la ocupación obedeció a que en esa fecha el automóvil se utilizó en contravención a las disposiciones del Código Penal y la Ley de Armas.

No se desprende de los autos, ni tampoco el Gobierno ha acreditado, que la decisión de retener el vehículo al momento de su ocupación fuese para fines investigativos relacionados a la ocupación y de este modo refrendar la aplicación del último párrafo del Art. 13 de la Ley Núm. 119-2011, *supra*.

A base de lo anterior, resolvemos que el Gobierno no presentó razones válidas suficientes para establecer que retuvo el vehículo ocupado para fines investigativos asociados a los motivos que originaron su ocupación. Por lo tanto, la notificación de la orden de confiscación en este caso debió hacerse dentro de treinta (30) días a partir del 17 de febrero de 2011, fecha de la ocupación del automóvil. Habida cuenta que no fue hasta el 15 de abril de 2011, ya expirado este término, que se efectuó tal notificación, procede declarar su nulidad.

Con el propósito de garantizar que la facultad para incautar propiedad privada se ajuste a lo dispuesto en la normativa provista en el Art. 13 de la Ley Núm. 119-2011,

*supra*, en el día de hoy disponemos que la mejor práctica es que los motivos investigativos para retener la propiedad en estos casos se revelen a los dueños y personas con interés lo más cercano posible a la incautación. De este modo, se les alerta oportunamente que el trámite confiscatorio puede extenderse más allá de los treinta (30) o sesenta (60) días, provistos en los otros supuestos de este precepto de ley. A la vez se reduce la posibilidad de que el Estado improvise justificaciones *a posteriori* para la demora, vulnerando los derechos propietarios de los dueños. Igualmente pueden consignarse fehacientemente en la orden de confiscación los fines investigativos que provocaron la retención de la propiedad.

Bajo cualquiera de estos dos (2) supuestos, corresponde a la parte que impugna una notificación por tardía, refutar las razones de índole investigativa aducidas por el Estado para amparar su retraso. Así pues, según sea el caso, el dueño o parte con interés en la propiedad deberá probar, ya sea que no se dio tal investigación o que, de ésta haberse realizado, dicho trámite no guardó relación con la incautación.

Ahora bien, en ausencia de las comunicaciones antes mencionadas, una vez impugnada una notificación por tardía, si el Estado interesa valerse del periodo de tiempo adicional consignado en la última modalidad del Art. 13 de la Ley Núm. 119-2011, *supra*, por alegada

ocupación para fines investigativos, le corresponde el peso de probar, mediante prueba fehaciente, la conexión entre el motivo para la ocupación de la propiedad retenida y la investigación correspondiente.

El hecho de que la Ley Núm. 119-2011, *supra*, no disponga taxativamente para el tipo de notificación que hoy decretamos no nos impide establecer directrices razonables y necesarias para asegurar que su implementación sea cónsona con los motivos que la inspiran, a la vez que se salvaguardan las garantías al debido proceso de ley. Lejos de intentar interferir con las gestiones *bona fide* de los oficiales del orden público, nuestra determinación en el día de hoy se centra en evitar el posible abuso de las potestades asociadas a la confiscación conferidas a las autoridades gubernamentales.

Por lo tanto, se declara la nulidad de la confiscación efectuada en el caso objeto del recurso CC-2014-0304.

## II
### CC-2014-0742

#### A. TRASFONDO PROCESAL

El 8 de mayo de 2013 la Policía de Puerto Rico ocupó un vehículo Mitsubishi Montero, del año 2001, tablilla DXT-529, por presuntamente haberse utilizado en violación al Art. 404 de la Ley de Sustancias Controladas, 24 LPRA sec. 2404 (2011).

El automóvil, propiedad de la Sra. Ana I. Maldonado Rivera (señora Maldonado), estaba siendo utilizado por su hijo, el Sr. José Ortiz Maldonado, al momento de los hechos.

El 11 de junio de 2013 la Junta de Confiscaciones del Departamento de Justicia le envió la notificación de la orden de confiscación del vehículo correspondiente a la señora Maldonado mediante la cual, en lo pertinente, se le indicó lo siguiente:

> La ocupación se llevó a cabo el 8 de mayo de 2013, y obedeció a que el 8 de mayo de 2013 se utilizó en violación al Artículo 404 de la Ley de Sustancias Controladas en Santurce, Puerto Rico. La Orden de Confiscación fue emitida 16 de mayo de 2013.
>
> Además, violó la Ley Núm. 8 de 5 de agosto de 1987, según enmendada, conocida como "Ley para la Protección Vehicular". [sic] El Certificado de Inspección de Vehículos de Motor expedido el 15 de mayo de 2013, el bonete y guardalodos frontales fueron reemplazados (no son originales).

El 19 de julio de 2013 la señora Maldonado presentó una Demanda impugnando la confiscación por haberse desestimado los cargos presentados en contra de su hijo. El 9 de agosto de 2013 se emplazó al Secretario de Justicia en el caso.

Oportunamente el Gobierno solicitó la desestimación de la Demanda aduciendo que el emplazamiento al Secretario de Justicia se efectuó fuera del término jurisdiccional de quince (15 días), contado a partir de la presentación de la Demanda, según provisto en ley.

La señora Maldonado se opuso al reclamo del Gobierno y solicitó que, en su lugar, se dictara sentencia a su favor. Alegó que el proceso de confiscación resultó ineficaz debido a que la notificación de la orden de confiscación resultó tardía.

El Gobierno rechazó el planteamiento de la señora Maldonado. Insistió que, dada su inobservancia con el término jurisdiccional para emplazar al Secretario de Justicia, el tribunal carecía de autoridad para atender el planteamiento de nulidad de la peticionaria. De otra parte, rechazó que se hubiese notificado la confiscación a destiempo. Alegó que la incautación de la propiedad formó parte de una investigación que concluyó el 16 de mayo de 2013 con la expedición de la orden de confiscación, por lo cual se cumplió con el término dispuesto en el último postulado del Art. 13 de la Ley Núm. 119-2011, *supra*.

El 15 de noviembre de 2013 el Tribunal de Primera Instancia desestimó la Demanda. Consignó que carecía de jurisdicción para atender el caso a causa del retraso en emplazar al Secretario de Justicia.

La peticionaria acudió entonces al Tribunal de Apelaciones. El foro apelativo intermedio revocó el dictamen recurrido mediante Sentencia de 30 de junio de 2014. Resolvió que no existía base para concluir que el vehículo se hubiese retenido para alguna investigación relacionada a un caso como alegaba el Gobierno. Por lo

tanto, el término aplicable para la notificación de la confiscación en este caso era de treinta (30) días a partir de la fecha en que se ocupó el vehículo. Conforme a ello, declaró la nulidad de la confiscación. Rechazó los argumentos de falta de jurisdicción sobre la materia por entender que, siendo nula *ab initio*, la confiscación carecía de efecto jurídico alguno.

Inconforme, el Gobierno acudió ante nos y presentó el siguiente señalamiento de error:

**ERRÓ EL TRIBUNAL DE APELACIONES AL CONCLUIR QUE EL ESTADO LIBRE ASOCIADO DE PUERTO RICO INCUMPLIÓ CON EL REQUISITO DE NOTIFICACIÓN DISPUESTO EN LA LEY UNIFORME DE CONFISCACIONES DE 2011, REVOCANDO ASÍ LA SENTENCIA EMITIDA POR EL TRIBUNAL DE PRIMERA INSTANCIA DESESTIMANDO LA DEMANDA PRESENTADA POR LA PARTE RECURRIDA POR HABERSE EMPLAZADO AL SECRETARIO DE JUSTICIA FUERA DEL TÉRMINO JURISDICCIONAL DISPUESTO PARA ELLO EN LA LEY UNIFORME DE CONFISCACIONES DE 2011.**

El 12 de diciembre de 2014 expedimos el recurso y ordenamos su consolidación con el recurso CC-2014-0304 antes discutido.

### B. DISCUSIÓN

La acción para impugnar una confiscación debe iniciarse dentro de los treinta (30) días siguientes al recibo de la notificación correspondiente, mediante una demanda contra el Estado y el funcionario que autorizó la ocupación. Es requisito también que se emplace al Secretario de Justicia dentro de los **quince (15)** días siguientes a la fecha de presentación de la demanda. Ambos términos son **jurisdiccionales**. Art. 15 de la Ley Núm. 119-2011, *supra*.

En el recurso CC-2014-0742, a pesar que la Demanda impugnando la validez de la confiscación se presentó en tiempo, el emplazamiento al Secretario de Justicia se diligenció ya expirado el plazo jurisdiccional provisto para ello.

El Tribunal de Apelaciones revocó la determinación del foro primario por entender que la confiscación era nula *ab initio*. Razonó que, al haberse notificado tarde, la misma carecía de efecto jurídico alguno. A base de ello resolvió que las condiciones aplicables al trámite de impugnación, según consignadas en el precitado Art. 15, tales como el emplazamiento, resultaban inconsecuentes a su reclamación.

Es cierto que el incumplimiento del Estado con el término dispuesto para notificar una orden de confiscación ordinariamente conlleva su nulidad. Véase, Coop. Seguros Múltiples v. Srio. de Hacienda, 118 DPR 115, 118 (1986). Sin embargo, esa nulidad no es automática, sino que depende de una determinación judicial en un proceso de impugnación. En otras palabras, es contingente a que la parte afectada acuda al tribunal y presente argumentos válidos que justifiquen su reclamo.

Según indicamos anteriormente, el trámite para impugnar una confiscación está sujeto a normas procesales rigurosas y plazos cortos que obligan a todas las partes concernientes. Entre esas pautas se encuentran términos

jurisdiccionales para que el dueño o persona con interés en la propiedad confiscada presente la demanda impugnatoria y posteriormente se emplace al Secretario de Justicia.

A diferencia de un requisito de cumplimiento estricto, los términos jurisdiccionales son fatales, improrrogables e insubsanables. Toro Rivera *et als*. v. ELA *et al.*, 194 DPR 393 (2015); Soto Pino v. Uno Radio Group, 189 DPR 84 (2013); Peerless Oil v. Hnos. Torres Pérez, 186 DPR 239 (2012). Por lo tanto, cuando nos enfrentamos al desempeño tardío de una exigencia de naturaleza jurisdiccional, no le queda otra opción al tribunal que no sea la desestimación del recurso.

Conforme a lo anterior, para poder ejercer su derecho a cuestionar la validez de la confiscación, la señora Maldonado venía obligada, no solamente a acudir al tribunal en tiempo, sino también a diligenciar el emplazamiento dentro del plazo dispuesto para ello. De lo contrario, las gestiones del Estado se presumen correctas.

Así pues, el hecho de tratarse de una acción impugnatoria **no** exime a la parte promovente de cumplir con **todos** los términos y exigencias aplicables al trámite judicial, incluyendo los requisitos provistos para adquirir jurisdicción sobre la persona demandada, en este caso, a través del emplazamiento al Secretario de Justicia.

En resumen, en este caso no existe controversia que el emplazamiento al Secretario de Justicia se realizó pasados los quince (15) días provistos para ello. Habida cuenta que ese término es de carácter jurisdiccional, procedía desestimar la demanda. Erró por lo tanto el Tribunal de Apelaciones al dar curso a la acción impugnatoria.

## III

## CONCLUSIÓN

De conformidad con lo anteriormente indicado, se revoca la Resolución emitida por el Tribunal de Apelaciones el 11 de marzo de 2014 y se declara la nulidad de la confiscación en el caso objeto del recurso CC-2014-0304.

Además, se revoca la Sentencia del Tribunal de Apelaciones de 30 de junio de 2014 objeto del recurso CC-2014-0742 y se ordena la desestimación de la Demanda en el caso por falta de jurisdicción.

Se dictará Sentencia de conformidad.

Roberto Feliberti Cintrón
Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| Reliable Financial Services, Inc. y Universal Insurance Company<br><br>Peticionarios<br><br>v.<br><br>Estado Libre Asociado de Puerto Rico, Secretario de Justicia y Superintendente Policía de Puerto Rico<br><br>Recurridos<br><br>———————<br><br>Ana I. Maldonado Rivera<br><br>Peticionaria<br><br>v.<br><br>Estado Libre Asociado de Puerto Rico, *et al*.<br><br>Recurridos | **CC-2014-0304**<br><br><br>CONSOLIDADO CON<br><br><br>**CC-2014-0742** | *Certiorari* |

**SENTENCIA**

En San Juan, Puerto Rico, a 7 de febrero 2017.

Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte íntegra de la presente Sentencia, se revoca la Resolución emitida por el Tribunal de Apelaciones el 11 de marzo de 2014 y se declara la nulidad de la confiscación en el caso objeto del recurso CC-2014-0304. Se revoca, además, la Sentencia del Tribunal de Apelaciones de 30 de junio de 2014 objeto del recurso CC-2014-0742 y se ordena la desestimación de la Demanda en el caso por falta de jurisdicción.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo. La Jueza Presidenta Oronoz Rodríguez emitió una Opinión de conformidad en parte y disidente en parte. El Juez Asociado señor Estrella Martínez hace constar la siguiente expresión de conformidad en parte y disidente en parte:

"El Juez Asociado señor Estrella Martínez está conforme con lo resuelto en el caso CC-2014-304, por considerar que el Tribunal acertadamente expone el derecho sustantivo aplicable y pauta los requisitos que debe cumplir el Estado cuando incaute y retenga cualquier propiedad para fines investigativos, según lo dispone el último párrafo del Art. 13 de la Ley Núm. 119-2011, 34 LPRA sec. 1724(j). Cabe destacar que está de acuerdo con la determinación de no remitir el caso al Tribunal de Primera Instancia para que el Estado tenga *nuevamente* la oportunidad de demostrar que retuvo la propiedad ocupada para fines investigativos asociados a los motivos que originaron su incautación. La razón de ello es que el Estado, y así surge diáfanamente del expediente ante nuestra consideración, ya tuvo esa oportunidad y no detalló en qué consistió la supuesta investigación, cuál fue su propósito y su vínculo con la propiedad incautada. En otras palabras, en ningún momento el Estado acreditó que la decisión de retener la propiedad respondió a fines investigativos relacionados a la ocupación y, de esa forma, refrendar la aplicación del último supuesto del precitado Art. 13 de la Ley Núm. 119-2011. Tampoco se alegó que la propiedad se ocupó al amparo de la *Ley para la Protección de la Propiedad Vehicular*, Ley Núm. 8 de 5 de agosto de 1987 (Ley Núm. 8), 9 LPRA sec. 3201 *et seq*.

De esta forma, opina que en consideración a las circunstancias del caso, devolverlo al foro primario hubiese conllevado permitir que el Estado improvisara justificaciones a *posteriori* para la demora en la notificación de la confiscación dentro del término dispuesto para ello, infringiendo así los derechos propietarios de los dueños. En vista de que en este caso la notificación de la confiscación se realizó fuera de la *norma general* que impone un término jurisdiccional de treinta (30) días desde la incautación, y de que el Estado no ocupó la propiedad en virtud de la *Ley para la Protección de la Propiedad Vehicular* ni acreditó que su retención respondió a fines investigativos que le permitieran extender el referido periodo de días para cursar la notificación, sostiene que procede -tal como lo determina el Tribunal- decretar la nulidad de la confiscación efectuada. *Véanse*, por ejemplo, Coop. Seguros Múltiples v. Srio. de Hacienda, 118 DPR 115 (1986); Colón Medina v. Srio. de Hacienda, 109 DPR 540 (1980); Vázquez Fontánez v. Tribunal Superior, 102 DPR 396 (1974)

(*Per Curiam*). Ante el cuadro descrito, no procedía otorgarle una segunda oportunidad al Estado para que "demostrara" lo que a todas luces no hizo y que bajo la norma acertadamente pautada no podrá realizar.

Con relación al caso CC-2014-742, respetuosamente disiente de la determinación de revocar el dictamen del Tribunal de Apelaciones y, por ende, desestimar la demanda de impugnación de confiscación por motivo de haberse emplazado al Secretario de Justicia fuera del término jurisdiccional establecido en la Ley Núm. 119-2011, 34 LPRA sec. 1724 *et seq.* Ello pues, al igual que concluyó el foro apelativo intermedio, del expediente surge con meridiana claridad que la confiscación efectuada es **nula**, toda vez que la notificación fue remitida por el Estado en exceso del término **jurisdiccional** de treinta (30) días dispuesto en el Art. 13 de la Ley Núm. 119-2011, 34 LPRA sec. 1724(j). En particular, en este caso la ocupación de la propiedad ocurrió el **8 de mayo de 2013** y específicamente respondió a que ese día se utilizó en alegada violación a la *Ley de Sustancias Controladas de Puerto Rico*, 24 LPRA sec. 2101 *et seq.* Posteriormente, el Estado remitió la correspondiente notificación el **11 de junio de 2013.** De ésta, no se desprende que la confiscación se realizó para fines investigativos o en virtud de la precitada Ley Núm. 8, para así extender el mencionado término para remitir la notificación.

La única referencia que se hace en la notificación a la Ley Núm. 8 es que del *Certificado de Inspección de Vehículos de Motor* expedido el **15 de mayo de 2013,** surgió que el bonete y guardalodos frontales del vehículo fueron reemplazados. Por tanto, esto último, evidentemente, no fue la razón principal para la incautación realizada el 8 de mayo de 2013. Es una información que se obtuvo el 15 de mayo de 2013, con posterioridad a la incautación, por lo que no puede implicar que la confiscación se efectuó al amparo de la Ley Núm. 8.

En consecuencia, contrario a lo resuelto en la Opinión Mayoritaria, entiende que no procede refrendar la confiscación en este caso, ya que al ser nula por razón de que la notificación se remitió fuera del término jurisdiccional dispuesto para ello, nunca tuvo eficacia jurídica. Tal y como afirmó el Tribunal de

Apelaciones, considera que no se puede condonar la nulidad mediante la estricta aplicación de un estatuto con el cual el propio Estado no cumplió. A tales efectos, es contrario a derecho sujetar a la persona afectada a las disposiciones de un estatuto que pierde aplicabilidad ante la nulidad *ab initio* de la confiscación. Recuérdese, a modo de analogía, que "ante la certeza de la nulidad de una sentencia, resulta *mandatorio* declarar su inexistencia jurídica; ello *independientemente* del hecho de que la solicitud a tales efectos se haga con posterioridad a haber expirado el plazo de seis (6) meses establecido". <u>Montañez v. Policía de Puerto Rico</u>, 150 DPR 917, 922 (2000) (Énfasis en el original). Por todo lo anterior, sostiene que procedía confirmar al Tribunal de Apelaciones y, por consiguiente, decretar la nulidad de la confiscación efectuada."


                              Juan Ernesto Dávila Rivera
                              Secretario del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Reliable Financial Services, Inc. y Universal Insurance Company<br><br>    Peticionarios<br><br>        v.<br><br>Estado Libre Asociado de Puerto Rico; Secretario de Justicia y Superintendente Policía de Puerto Rico<br><br>    Recurridos | CC-2014-0304<br><br><br>cons. con |
| Ana I. Maldonado Rivera<br><br>    Peticionaria<br><br>        v.<br><br>Estado Libre Asociado de Puerto Rico y otros<br><br><br>    Recurridos | CC-2014-0742 |

Opinión de conformidad en parte y disidente en parte emitida por la Jueza Presidenta Oronoz Rodríguez

En San Juan, Puerto Rico, a 7 de febrero de 2017.

Estoy conforme con lo resuelto en el caso Reliable Financial Services, Inc. y Universal Insurance Company v. Estado Libre Asociado de Puerto Rico y otros, CC-2014-0304,

pues precisa el efecto que acarrea que el Estado consigne los fines investigativos que provocaron la retención de la propiedad, así como las consecuencias de no hacerlo.

No obstante, disiento del proceder de una mayoría de este Tribunal en el caso Ana I. Maldonado Rivera v. Estado Libre Asociado de Puerto Rico y otros, CC-2014-0742, por entender que ignora nuestras expresiones anteriores con respecto a que el incumplimiento con un término jurisdiccional "no puede tener el efecto de frenar un decreto de inexistencia . . . y, mucho menos, puede convertirse en subterfugio para convalidar [actos] nulos". Ríos v. Municipio de Isabela, 159 DPR 839, 849 (2003). En particular, la Opinión mayoritaria produce un absurdo jurídico al sostener que, a pesar de que las confiscaciones que no se notifican dentro del término jurisdiccional ordinariamente son nulas, procede desestimar la demanda de impugnación presentada por la Sra. Ana Maldonado Rivera porque ésta no emplazó al Secretario de Justicia dentro del término jurisdiccional aplicable.

I

A.

En nuestro ordenamiento jurídico, el proceso de confiscación está regulado por la Ley Núm. 119 de 12 de julio de 2011, según enmendada, conocida como "Ley Uniforme de Confiscaciones de 2011", 34 LPRA secs. 1724 *et. seq*. (Ley de

Confiscaciones).[15] El fin primordial de este estatuto es garantizar un "trámite expedito, justo y uniforme para la confiscación de bienes por parte del Estado y la disposición de éstos". Exposición de Motivos de la Ley de Confiscaciones. Conviene examinar las normas aplicables a dicho proceso antes de puntualizar mi crítica al proceder mayoritario.

i.

El Artículo 13 de la Ley de Confiscaciones, 34 LPRA sec. 1724j, establece las coordenadas del requisito de notificación de la confiscación. A tales fines, éste dispone que el Director Administrativo de la Junta deberá notificar la confiscación y la tasación de la propiedad confiscada a las siguientes partes:

> a) la persona que tuviere la posesión física del bien al momento de la ocupación;
>
> b) a aquéllas que por las circunstancias, información y creencia, el Director Administrativo considere como dueños de dicho bien;
>
> c) en los casos de vehículos de motor, se notificará, además, al dueño, según consta en el Registro de Vehículos del Departamento de Transportación y Obras Públicas y al acreedor condicional que a la fecha de la ocupación tenga su contrato inscrito[. . .]. 34 LPRA sec. 1724j.

---

[15] Esta Ley derogó la Ley Núm. 93 de 13 de julio de 1988, según enmendada, conocida como "Ley Uniforme de Confiscaciones de 1988". A su vez, la Ley de Confiscaciones del 1988 actualizó la Ley Uniforme de Confiscación de Vehículos, Bestias y Embarcaciones de 1960 y amplió la autoridad del Estado para confiscar la propiedad que se utilizara con fines ilegales. Véanse, Coop. de Seg. Múlt. V. ELA, 180 DPR 655, 662-63 (2011), citando a Suárez v. ELA, 162 DPR 43, 53 (2004).

Además, conforme a ese artículo, "toda confiscación se notificará por correo certificado dentro de un término **jurisdiccional** de treinta (30) días, siguientes a la ocupación física de los bienes". Íd. (énfasis suplido). En el caso de vehículos de motor que sean ocupados en virtud de la Ley para la Protección de la Propiedad Vehicular, la notificación se hará dentro de los treinta días siguientes al término de treinta días dispuesto para que los oficiales del orden  público lleven a cabo una investigación sobre el bien ocupado. Íd.

Nótese que el término dentro del cual el Estado tiene que notificar la confiscación es de naturaleza jurisdiccional. Cónsono con ello, la falta de notificación dentro del término aplicable **conlleva la nulidad de la confiscación**.[16] De esto se puede colegir que la Ley de Confiscaciones provee un procedimiento riguroso para llevar a cabo la confiscación y le impone al ELA requisitos estrictos para su notificación.

---

[16] Véanse, por ejemplo, en el contexto de las leyes de confiscaciones anteriores Secretario de Justicia v. Tribunal Superior, 95 DPR 158, 163-64 (1967) (donde resolvimos por primera vez que el incumplimiento con el término de diez días que establecía la Ley Uniforme de Confiscación de Vehículos, Bestias y Embarcaciones, supra, para notificar la confiscación a las partes conllevaba la nulidad del procedimiento); Secretario de Justicia v. Tribunal Superior, 96 DPR 116, 121 (1968)  (donde reiteramos que el término para notificar la confiscación es "mandatorio e improrrogable [y su incumplimiento] produce la nulidad de la confiscación"); Cooperativa de Seguros Múltiples v. Srio. de Hacienda, 118 DPR 115, 118 (1986) (donde indicamos que el incumplimiento con el término de notificación entonces vigente "conlleva la nulidad de la confiscación realizada".).

No es para menos; según expresamos en <u>García v. Tribunal Superior</u>, 91 DPR 153 (1964),[17] "la confiscación de un vehículo, cualquiera que sea su justificación en protección de la sociedad, no deja de ser una privación de la propiedad por la autoridad pública. **El hecho debe quedar revestido de todas aquellas garantías que el debido proceso de ley requiere**". <u>Íd.</u>, págs. 155-156 (énfasis suplido).

El deber del Estado de notificar la confiscación a las partes con interés es, pues, un requisito fundamental del debido proceso de ley. Véase <u>First Bank v. ELA</u>, 164 DPR 835, 854 (2005). Éste "persigue el propósito de salvaguardar los derechos constitucionales de una parte que tiene algún interés en la propiedad confiscada y brindarle la oportunidad de levantar y probar las defensas válidas que pueda tener". <u>Íd.</u>, citando a <u>Pueblo v. Echevarría Arroyo</u>, 157 DPR 158 (2002).

ii.

De otra parte, la Ley de Confiscaciones establece en su Artículo 15, 34 LPRA sec. 1724l, el procedimiento que una parte ha de seguir para impugnar la confiscación de un vehículo. A tales fines, el Artículo expone:

---

[17] Cabe destacar que este caso analizó las disposiciones de la derogada Ley Uniforme de Confiscación de Vehículos, Bestias y Embarcaciones, <u>supra</u>. No obstante, las expresiones de este Tribunal sobre las implicaciones de la notificación en cuanto al debido proceso de ley siguen siendo pertinentes.

> **Las personas notificadas, según lo dispuesto en esta Ley** y que demuestren ser dueños de la propiedad, podrán impugnar la confiscación dentro de los treinta (30) días siguientes a la fecha en que se reciba la notificación, mediante la radicación de una demanda contra el Estado Libre Asociado de Puerto Rico, y el funcionario que autorizó la ocupación, **debiéndose emplazar al Secretario de Justicia dentro de los quince (15) días siguientes a la fecha en que se presentó la demanda.** En aquellos casos que la notificación sea devuelta, los términos indicados comenzarán a computarse desde que la referida notificación sea recibida por el Departamento de Justicia. Estos términos son jurisdiccionales. Íd. (énfasis suplido).

Luego, el Artículo regula el curso procesal que debe seguir el caso de impugnación de confiscación. Íd. En consonancia con los propósitos de celeridad que dan base a la Ley de Confiscaciones, tal proceso es uno expedito y cuyos términos son más cortos que los dispuestos en las Reglas de Procedimiento Civil. 32 LPRA Ap. V. Por ejemplo, el tribunal tiene la obligación de adjudicar el pleito dentro de un término de seis meses desde que se presentó la contestación de la demanda y el descubrimiento de prueba se debe llevar a cabo dentro de los primeros treinta días, también a partir de la contestación de la demanda. 34 LPRA sec. 1724l.

B.

Anteriormente, hemos tenido la oportunidad de analizar qué ocurre cuando una parte solicita tardíamente que se le releve de los efectos de una actuación que es nula *ab initio*. En particular, en Montañez v. Policía de Puerto Rico, 150 DPR

917 (2000), el Tribunal de Apelaciones emitió una sentencia sin tener jurisdicción para hacerlo. Posteriormente, la Junta de Apelaciones del Sistema de Administración de Personal (JASAP) -agencia cuya determinación fue objeto de la aludida sentencia- presentó ante dicho foro una solicitud de relevo de sentencia que fue denegada por haber sido presentada fuera del término provisto en las Reglas de Procedimiento Civil, supra. Inconforme, la JASAP compareció ante este Tribunal.

En tal contexto, resolvimos que "lo que es 'nulo' no puede ser objeto de relevo de parte de un tribunal, pues lo nulo nunca tuvo eficacia alguna, nunca 'nació' en derecho, nunca existió". Montañez v. Policía de Puerto Rico, supra, pág. 921. Por ello, concluimos que el tribunal tenía la obligación de declarar la inexistencia jurídica de una actuación nula "*independientemente* del hecho de que la solicitud a tales efectos se haga con posterioridad a haber expirado el plazo [aplicable]". Íd., pág. 922.

Así también, en Ríos v. Municipio de Isabela, supra, la Asamblea Municipal de Isabela aprobó una Resolución con la intención de ratificar unos contratos entre los contratistas y el Municipio que no cumplieron con lo establecido en la Ley de Municipios Autónomos del Estado Libre Asociado de Puerto Rico de 1991, Ley Núm. 81 de 30 de agosto de 1991, 21 LPRA secs. 4001 *et seq.* Basándose en esa Resolución, el Tribunal de Primera Instancia dictó sentencia a favor de los contratistas en un pleito que habían instado contra el

Municipio previo a la aprobación de la Resolución. Cuando la administración entrante se enteró de la sentencia, oportunamente presentó una moción de reconsideración donde sostuvieron la ilegalidad de los contratos. El foro primario denegó la reconsideración por entender que la acción para suspender la ejecución de la resolución debió instarse dentro de los veinte días siguientes a la fecha de promulgación de la Resolución.[18] A la misma conclusión llegó el Tribunal de Circuito de Apelaciones cuando confirmó el dictamen recurrido.

Este Tribunal, en cambio, sostuvo la ilegalidad del acuerdo pactado entre los contratistas y la administración municipal saliente. Determinamos que la "Asamblea carecía de autoridad para darle eficacia a un convenio que adolecía de nulidad absoluta". Ríos v. Municipio de Isabela, supra, pág. 848. Por consiguiente, concluimos que "habiéndose determinado que el contrato aquí en controversia es nulo e inexistente . . . . no había razón alguna para que los foros inferiores entraran a discutir lo relativo al término de caducidad dispuesto . . . para utilizarlo como fundamento para negarse a reconsiderar". Íd., págs. 848-49. Esto, pues, "[d]icho término resulta inmaterial ante ordenanzas o resoluciones aprobadas con el único fin de convalidar actos nulos e inexistentes". Íd., pág. 849. Por ello, reiteramos que "lo inexistente **nunca puede ser convalidado**", norma que

---

[18] La Resolución se aprobó el 19 de diciembre de 2000 y la reconsideración se presentó el 30 de enero de 2001.

"no puede ser burlada al invocar para ello el término jurisdiccional de veinte días que dispone [la Ley]". Íd., págs. 849-50 (énfasis suplido).

De igual modo, en E.L.A. v. S.L.G. Negrón-Rodríguez, 184 DPR 464 (2012), este Tribunal reconoció mediante Sentencia que el aumento de sueldo al alcalde del Municipio de Villalba fue nulo e ineficaz. Ante el planteamiento de los peticionarios de que no se cuestionó la gestión municipal en el término jurisdiccional de veinte días, concluimos que "los actos ejecutados contra lo dispuesto en la ley son nulos. La nulidad de dichos actos los convierte en inexistentes. Por lo tanto, no pueden ser objeto de confirmación ni de prescripción sanatoria alguna, **pudiéndose instar acción de impugnación contra éstos en cualquier momento**". Íd., pág. 477 esc. 9 (énfasis suplido).

II

En el caso CC-2014-0742, el Estado confiscó la propiedad el 8 de mayo de 2013, pero envió la notificación el 11 de junio de 2013; es decir, fuera del término jurisdiccional de treinta días. 34 LPRA sec. 1724j. El 19 de julio de 2013, la señora Maldonado Rivera presentó una Demanda impugnando la confiscación y emplazó al Secretario de Justicia el 9 de agosto de 2013. El Estado solicitó la desestimación debido a que el emplazamiento al Secretario de Justicia se efectuó fuera del término jurisdiccional de quince días. 34 LPRA sec. 1724l. Una mayoría de este Tribunal sostiene que, aunque el

incumplimiento del Estado en notificar una orden de confiscación dentro del término dispuesto ordinariamente conlleva su nulidad, dicha "nulidad no es automática, sino que depende de una determinación judicial en un proceso de impugnación".[19] Por consiguiente, si alguien pretende impugnar la confiscación debe cumplir con los términos provistos por ley independientemente del incumplimiento del Estado.

El Tribunal parece ignorar que la notificación es "una **obligación** que establece la legislación y cuyo incumplimiento acarrea la **nulidad del proceso**". Cooperativa de Seguros Múltiples v. ELA, 2016 TSPR 218, pág. 14, 196 DPR ___ (2016) (énfasis suplido). Al ser nula, "nunca tuvo eficacia alguna, nunca 'nació' en derecho, nunca existió". Montañez v. Policía de Puerto Rico, supra, pág. 921. Al tratarse de una confiscación nula, ningún tribunal puede negarse a decretar su inexistencia, incluso cuando la parte afectada haya incumplido un término jurisdiccional dispuesto por ley. De lo contrario, tal incumplimiento se utilizaría como subterfugio para convalidar actos nulos. Ríos v. Municipio de Isabela, supra, pág. 848. Por esa razón, considero que las confiscaciones nulas pueden impugnarse "en cualquier momento", pues los actos nulos "no pueden ser objeto de confirmación ni de prescripción sanatoria alguna". E.L.A. v. S.L.G. Negrón-Rodríguez, supra, pág. 477 esc. 9.

---

[19] Opinión mayoritaria, pág. 23.

Debemos recordar que la confiscación es una privación de la propiedad, lo cual implica que el Estado debe cumplir con las garantías que el debido proceso de ley requiere. García v. Tribunal Superior, supra, págs. 155-56; First Bank v. ELA, supra. Precisamente para viabilizar la protección de los derechos constitucionales envueltos, el legislador estableció un esquema mediante el cual el Estado debe notificar la confiscación en un término jurisdiccional de treinta días. 34 LPRA sec. 1724j. Que su incumplimiento dé paso a la nulidad -con los efectos que esto acarrea- no solo es correcto en derecho, sino que se justifica considerando que el Estado pretende privar a una persona de su propiedad.

En apoyo de lo anterior, cabe destacar que el Artículo 15 de la Ley de Confiscaciones dispone que "[l]as personas notificadas, **según lo dispuesto en [esta Ley]** . . . , podrán impugnar la confiscación dentro de los treinta (30) días siguientes a la fecha en que se reciba la notificación, . . . debiéndose emplazar al Secretario de Justicia dentro de los quince (15) días siguientes a la fecha en que se presentó la demanda". 34 LPRA sec. 1724l. De modo que son las personas notificadas **según lo dispuesto en la Ley** quienes deberán cumplir con los términos jurisdiccionales para demandar y emplazar al Secretario de Justicia. Aquellas que no fueron notificadas según la Ley, como la señora Maldonado Rivera, no están sujetas a los términos jurisdiccionales allí dispuestos, pues al ser nulas tales confiscaciones su impugnación puede presentarse en cualquier momento, salvo que

haya mediado incuria. Véanse, por ejemplo, Horizon v. JTA, RA Holdings, 191 DPR 228 (2014); Molino Gronau v. Corp. P.R. Dif. Púb.; 179 DPR 674 (2010); IM Winner, Inc. v. Junta de Subastas, 151 DPR 30, 39 (2000).

                                III

Hemos reiterado que la notificación es "uno de los requisitos claves que la propia ley exige para la legalidad, al menos inicial, de la confiscación". Cooperativa de Seguros Múltiples v. ELA, supra, pág. 14. Cuando esa notificación no se realiza la confiscación es nula y la actuación del Estado pierde toda legitimidad. Una mayoría de este Tribunal resuelve que lo que nunca existió, lo que nunca nació en derecho y nunca tuvo eficacia alguna, renace de sus cenizas si la parte afectada "incumple" con un término jurisdiccional. Al así actuar, trastoca el esquema estatutario a la vez que afecta las garantías del debido proceso de ley asociadas a este proceso confiscatorio, pues no podrá impugnarse la confiscación de ningún modo y el Estado retendrá una propiedad confiscada ilegalmente. Por todo lo anterior, disiento de la Opinión mayoritaria y confirmaría la Sentencia del Tribunal de Apelaciones en el recurso CC-2014-0742.

                              Maite D. Oronoz Rodríguez
                              Jueza Presidenta