ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL X

| COOPERATIVA DE SEGUROS MÚLTIPLES DE PUERTO RICO, por sí y en representación de FIRSTBANK, Apelada, v. ESTADO LIBRE ASOCIADO DE PUERTO RICO, por conducto del HON. DOMINGO EMANUELLI HERNÁNDEZ, SECRETARIO DE JUSTICIA, Apelante. | KLAN202400836 | APELACIÓN procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón. Civil núm.: BY2023CV02815. Sobre: impugnación de confiscación (Ley Núm. 119-2011). |
| EL VARÓN DELGADO VÁZQUEZ, Apelada, v. ESTADO LIBRE ASOCIADO DE PUERTO RICO, por conducto del HON. DOMINGO EMANUELLI HERNÁNDEZ, SECRETARIO DE JUSTICIA, Apelante. | | APELACIÓN procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón. Civil núm.: BY2023CV03103. Sobre: impugnación de confiscación (Ley Núm. 119-2011). |

Panel integrado por su presidenta, la juez Lebrón Nieves, la jueza Romero García y el juez Rivera Torres.

Romero García, jueza ponente.

SENTENCIA

En San Juan, Puerto Rico, a 25 de octubre de 2024.

El Gobierno de Puerto Rico (Gobierno) comparece representado por la Oficina del Procurador General de Puerto Rico y nos solicita que revoquemos la sentencia emitida por el Tribunal de Primera Instancia, Sala Superior de Bayamón, el 14 el mayo de 2024, notificada al día siguiente. Mediante el referido dictamen, el foro primario declaró con lugar la moción en solicitud de sentencia sumaria presentada por las partes apeladas en

Número identificador

SEN2024_____

este caso, a decir: el señor Varón Delgado Vázquez (señor Delgado) y la Cooperativa de Seguros Múltiples de Puerto Rico (Seguros Múltiples), por sí y en representación de FirstBank de Puerto Rico. En consecuencia, declaró con lugar la demanda sobre impugnación de confiscación del vehículo de motor y ordenó la devolución inmediata de la fianza prestada por la parte apelada.

Por los fundamentos expuestos a continuación, **confirmamos** la sentencia apelada.

I

El 20 de julio de 2023, la parte apelada presentó una demanda enmendada sobre impugnación de confiscación de vehículo de motor[1]; a saber, una Toyota modelo Tacoma, del año 2019, con número de tablilla 1013223. En su demanda, señaló que Seguros Múltiples expidió una póliza de seguro a favor del señor Delgado, titular del vehículo al momento de los hechos, cuya cubierta incluía la confiscación del vehículo. En particular, la póliza establecía que, ante la incautación del vehículo, le correspondía a Seguros Múltiples iniciar el proceso de impugnación de la confiscación a favor del beneficiario del *Endoso de Confiscación*; en este caso, FirstBank.

En virtud de lo anterior, alegó que, el **24 de marzo de 2023,** el Gobierno, a través del Negociado de la Policía de Puerto Rico, había ocupado el vehículo objeto de controversia y que, el **24 de abril de 2023**, ordenó su confiscación. Sostuvo que el vehículo confiscado no había sido utilizado en violación al Art. 285 del Código Penal, 33 LPRA sec. 5378, o de la Ley Núm. 8-1998, según enmendada, intitulada *Ley para la protección de la propiedad vehicular de Puerto Rico*, 9 LPRA sec. 3201, *et seq.,* o cualquier otro estatuto que autorizara la confiscación de propiedad privada. En atención a ello, planteó que la confiscación del vehículo era nula e ilegal.

En la alternativa, alegó que la confiscación era nula en la medida en que el Gobierno no había cumplido con los requisitos procesales para

---

[1] *Véase*, apéndice del recurso, a las págs. 83-89a. El Tribunal de Primera Instancia autorizó la enmienda a la demanda a los únicos efectos de corregir el nombre de la entidad financiera que a la fecha de la ocupación del vehículo tenía un gravamen de venta condicional sobre el mismo. En este caso se sustituyó por FirstBank.

retener el vehículo, según contemplados en la Ley Núm. 119-2011, según enmendada, intitulada *Ley Uniforme de Confiscaciones de 2011*, 34 LPRA sec. 1724, *et seq.* En específico, al no haber notificado a las partes pertinentes dentro del término jurisdiccional para ello. En cuanto a lo anterior, reiteró que la ocupación se llevó a cabo el 24 de marzo de 2023, y la carta de notificación remitida por la Junta de Confiscaciones del Departamento de Justicia fue depositada en el correo postal el **16 de mayo de 2023**. Finalmente, planteó que se trataba de una confiscación en el contexto de un registro y allanamiento sin orden, por lo que se presumía ilegal.

El 17 de noviembre de 2023, el Gobierno presentó su contestación a la demanda[2]. Entre sus defensas afirmativas planteó que se presumía la legalidad de la confiscación y que, para derrotar la corrección de esta, la parte apelada tenía el peso de la prueba; ello, a tenor con el Art. 15 de la Ley Núm. 119-2011, 34 LPRA sec. 1724l.

Tras varias incidencias procesales, el 21 de febrero de 2024, la parte apelada presentó una moción mediante la cual solicitó al foro *a quo* que dictara sentencia sumaria[3]. Propuso que no había disputa en cuanto a que el Gobierno había incumplido con su deber de notificar el hecho de la ocupación a las partes con interés dentro del término de treinta (30) días dispuesto en el Art. 13 de la Ley 119-2011, 34 LPRA 1721j, y lo resuelto en el caso de *Reliable Financial Services v. ELA*, 197 DPR 289 (2017). Resaltó que la ocupación física del vehículo en controversia tuvo lugar el **24 de marzo de 2023**, y que, el **24 de abril de 2023**, se ordenó su confiscación. No obstante, no fue sino hasta el **15 de mayo de 2023**, que la Junta de Confiscaciones suscribió una carta dirigida a FirstBank, en la que le notificaba de la ocupación y de la confiscación del vehículo. La referida carta fue depositada al correo el **16 de mayo de 2023**.

---

[2] *Véase*, apéndice del recurso, a las págs. 117-124.

[3] *Íd.*, a las págs. 133-186. A su solicitud, la parte apelada adjuntó los siguientes documentos: (1) la orden de confiscación, (2) copia de la carta de notificación de la confiscación, y (3) el certificado de inspección del vehículo.

Adicionalmente, la parte apelada arguyó que la confiscación del vehículo de motor no estuvo justificada, en tanto no era indispensable para el desarrollo de cualquier investigación de índole civil, administrativa o criminal, y tampoco constituía evidencia física o material del Ministerio Público.

En virtud de los hechos que no estaban en controversia, la parte apelada planteó que el Gobierno había notificado la confiscación a las partes interesadas **veintitrés (23) días después** de haber culminado el término jurisdiccional dispuesto en el Art. 13 de la Ley Núm. 119-2011, 34 LPRA 1721j. Finalmente, sostuvo que, para beneficiarse del término más amplio para notificar, al Gobierno le correspondía demostrar que el vehículo había sido incautado y retenido como evidencia indispensable de una investigación o por estar conectada a otros procesos.

Tras varias incidencias procesales, el 4 de abril de 2024, la parte apelante presentó su oposición a la solicitud de sentencia sumaria[4]. En síntesis, adujo que el término de treinta (30) días al que hizo alusión la parte apelada no era aplicable al caso, en tanto el vehículo había sido ocupado como parte de una investigación. En cuanto a ello, sostuvo que existía controversia en cuanto a si la parte apelada había rebatido la presunción de legalidad y corrección de la confiscación. Además, planteó que también estaba en controversia si había mediado una notificación inadecuada o si por el contrario aplicaba alguna de las excepciones contenidas en el Art. 13 de la Ley 119-2011, 34 LPRA 1721j.

El 15 de mayo de 2024, el Tribunal de Primera Instancia notificó a las partes litigantes su sentencia[5]. En lo pertinente, determinó que los siguientes hechos materiales no estaban en controversia:

1. El vehículo de motor fue ocupado el 24 de marzo de 2023 por la Policía de Puerto Rico.

2. La Orden de Confiscación fue firmada el 24 de abril de 2023.

---

[4] *Véase*, apéndice del recurso, a las págs. 191-206.

[5] *Íd.*, a las págs. 207-219a.

3. La carta de notificación de confiscación fue suscrita el 15 de mayo de 2023 y depositada en el correo postal mediante carta certificada con acuse de recibo el 16 de mayo de 2023.

4. En la PPR 128, Inventario de Vehículo con fecha del 24 de marzo de 2023, se marcó el encasillado correspondiente a que el vehículo fue "Ocupado para Investigación".

5. En la PPR 128, Inventario de Vehículo con fecha del 24 de marzo de 2023, no aparece firmado por el dueño del vehículo de motor o encargado, en la parte inferior del mismo.

Así pues, el foro primario declaró con lugar la solicitud de sentencia sumaria y, por consiguiente, la demanda sobre impugnación de la confiscación del vehículo. En su consecuencia, ordenó la devolución del vehículo de motor objeto de controversia.

Inconforme con la determinación del foro primario, el 22 de mayo de 2024, la parte apelante presentó una moción de reconsideración[6]. En respuesta, el 18 de junio de 2024, la parte apelada presentó su oposición[7]. El 8 de agosto de 2024, el foro primario declaró sin lugar la moción de reconsideración presentada por la parte apelante[8].

Aún inconforme, el 9 de septiembre de 2024, la parte apelante compareció ante nos y formuló los siguientes señalamientos de error:

El Tribunal de Primera Instancia erró al dictar Sentencia sumariamente en los casos de epígrafe, pues el Gobierno demostró que el vehículo se retuvo para fines investigativos.

En la alternativa, al menos el Estado demostró que persiste una genuina controversia de hecho sobre la alegada retención del vehículo para realizar una investigación que condujera a los responsables del delito que motivó su confiscación.

(Énfasis omitido).

II

A

La Regla 36 de Procedimiento Civil, 32 LPRA Ap. V, regula todo lo concerniente a la sentencia sumaria. Como es sabido, el propósito de este mecanismo procesal es disponer ágilmente de los casos en los que no estén presentes hechos materiales en controversia, que requieran la

---

[6] *Véase*, apéndice del recurso, a las págs. 220-229.

[7] *Íd.*, a las págs. 232-236.

[8] *Íd.*, a las págs. 237-237a.

celebración de un juicio en su fondo. *Aponte Valentín v. Pfizer Pharmaceuticals, LLC*, 208 DPR 263, 277 (2011).

Para que esta proceda debe surgir preponderantemente de la prueba que acompaña la sentencia sumaria que **no existe controversia sobre hechos medulares del caso.** *Íd.* Por tanto, cualquier duda no es suficiente para derrotar una moción de sentencia sumaria, sino que tiene que ser una duda que permita concluir la existencia de una controversia real y sustancial sobre los hechos relevantes y pertinentes. *Íd.*

El Tribunal Supremo de Puerto Rico ha "definido un hecho material como aquel que, de acuerdo con el derecho aplicable, puede alterar la forma en que se resuelve un caso". *Íd.*, a la pág. 278. Véase, además, *Zambrana García v. ELA et al.*, 204 DPR 328, 341 (2020), y *Meléndez González et al. v. M. Cuebas*, 193 DPR 100, 110 (2015). Así pues, "[e]n ausencia de una controversia de hechos materiales, el tribunal dictará sentencia si procede en derecho". *Aponte Valentín v. Pfizer Pharmaceuticals, LLC*, 208 DPR, a la pág. 278, y *Rivera Matos et al. v. Triple-S et al.*, 204 DPR 1010, 1024 (2020),

De otra parte, el Tribunal Supremo ha señalado que no es aconsejable dictar sentencia sumaria en casos cuyas controversias versen esencialmente sobre asuntos de credibilidad o involucren aspectos subjetivos, como es la intención, los propósitos mentales o la negligencia. No obstante, esto no impide la utilización del mecanismo de sentencia sumaria en las reclamaciones que requieran elementos subjetivos o de intención cuando de los documentos que habrán de ser considerados en la solicitud de sentencia sumaria surja que no existe controversia en cuanto a los hechos materiales*. Aponte Valentín v. Pfizer Pharmaceuticals, LLC*, 208 DPR, a la pág. 278.

Finalmente, al evaluar la procedencia de una sentencia sumaria, los tribunales revisores nos encontramos en la misma posición que el Tribunal de Primera Instancia. *Íd.*; *Rivera Matos et al. v. Triple-S et al.*, 204 DPR, a la pág. 1025; *Meléndez González et al. v. M. Cuebas*, 193 DPR, a la pág.

115. Si los hechos materiales realmente están incontrovertidos, nos corresponde entonces revisar *de novo* si el foro primario aplicó correctamente el derecho. *Íd.* Por lo tanto, "si el juez se convence de que no existe una posibilidad razonable de que escuchar lo que lee no podrá conducirlo a una decisión a favor de esa parte, debe dictar sentencia sumaria". *Aponte Valentín v. Pfizer Pharmaceuticals, LLC,* 208 DPR, a la pág. 278.

B

La Ley Núm. 119-2011, según enmendada, intitulada *Ley Uniforme de Confiscaciones de 2011*, 34 LPRA sec. 1724, *et seq.*, regula lo concerniente al procedimiento a seguir en toda confiscación de bienes utilizados para actos ilícitos. El esquema normativo expuesto en el referido estatuto promueve un procedimiento expedito con requisitos estrictos aplicables tanto al Estado, como a las partes con interés en los bienes confiscados.

En cuanto al proceso de confiscación, al Gobierno se le confiere el título de aquellos bienes utilizados para fines ilícitos al amparo de cualquier estatuto que así lo autorice. *Reliable Financial Services v. ELA*, 197 DPR 289, 296 (2017). No obstante, el Gobierno cuenta con un periodo de notificación limitado para poder validar su actuación, el cual está estrechamente relacionado con otorgarle a las partes con interés su debido proceso de ley. *Íd.*, a la pág. 298.

Lo anterior, en virtud de que el referido estatuto se caracteriza por procurar la celeridad de los procesos conducentes a la confiscación de propiedad. Es por ello, que el Tribunal Supremo de Puerto Rico ha reiterado que:

> [E]sta pieza legislativa persigue establecer "un trámite expedito, justo y uniforme" para la confiscación y subsiguiente disposición de estos bienes. Exposición de Motivos de la Ley Núm. 119-2011, *supra.* La importancia de que los procedimientos se den con prontitud responde, en gran medida, a que se encuentra implicado el debido proceso de ley del dueño o la persona con interés en la propiedad.

*Reliable Financial Services v. ELA*, 197 DPR, a la pág. 297.

En lo pertinente a la controversia que atendemos, es preciso recalcar que, conforme al Art. 13 de la Ley Núm. 119-2011, 34 LPRA sec. 1724j, **una vez se ordena la confiscación**, existen tres términos para que el Gobierno notifique esta determinación al dueño o a la parte con interés en la propiedad; **todos ellos de naturaleza jurisdiccional**. Por tanto, como regla general, deberá emitirse una notificación dentro de los treinta (30) días siguientes a la ocupación de la propiedad.

Ahora bien, hay excepciones a esta regla. En lo que nos atañe, en los casos de vehículos de motor ocupados de acuerdo con las disposiciones del Ley Núm. 8-1987, intitulada *Ley para la Protección de la Propiedad Vehicular*, según enmendada, 9 LPRA sec. 3201, *et seq.*, pueden transcurrir hasta (60) sesenta días desde la incautación hasta la notificación. Ello responde a que, cuando la ocupación se lleva a cabo según lo decretado en el mencionado estatuto, los agentes del orden público cuentan con un término de treinta (30) días para llevar a cabo una investigación sobre la procedencia y titularidad de los vehículos incautados. Entonces, los treinta (30) días para notificar la confiscación comienzan a transcurrir una vez expirado ese término.

Por otro lado, el Art. 13 de la Ley Núm. 119-2011, 34 LPRA 1724j, según redactado, dispone para dos posibles supuestos en los que el periodo de notificación especial aplica a situaciones particulares en las que se justifica la retención de la propiedad por tiempo adicional debido a su conexión con otros procesos. En primer lugar, se autoriza esta dilación cuando la propiedad fuere incautada y retenida para propósitos investigativos relacionados a un caso civil, criminal o administrativo. Asimismo, cuando esta sirviese como evidencia física en un caso. El mismo precisa lo siguiente en cuanto al plazo para emitir la notificación:

> En aquellos casos en los que se incaute y retenga cualquier propiedad para alguna investigación relacionada con cualquier acción penal, civil, administrativa o cuando el bien es indispensable para la investigación o como evidencia en el caso, el término para culminar la investigación y emitir la orden de confiscación no excederá de noventa (90) días. Los treinta (30) días para notificar la confiscación comenzarán a

contarse una vez concluya dicha acción y se expida la correspondiente orden de confiscación.

34 LPRA 1724j.

### III

La controversia medular en este recurso gira en torno al planteamiento de la parte apelante, a los efectos de que el Tribunal de Primera Instancia incidió al declarar con lugar la moción en solicitud de sentencia sumaria y la demanda de impugnación de la confiscación del vehículo de motor objeto de controversia. La parte apelante sostiene que, ante la situación de hechos planteada en el caso, aplica una de las excepciones dispuestas en el Art. 13 de la Ley Núm. 119-2011, 34 LPRA 1724j. Ello, toda vez que el Gobierno presuntamente demostró que el vehículo se retuvo para fines investigativos.

En la alternativa, la parte apelante señala que, contrario a lo determinado por el foro primario, sí había demostrado la existencia de una genuina controversia de hechos respecto a si la retención del vehículo se había realizado con el fin de llevar a cabo una investigación conducente a dar con los responsables del delito que se alega motivó su confiscación.

En ánimo de prevalecer en su argumento, la parte apelante arguye que el término para notificar a las partes interesadas **no** comenzó a discurrir el **24 de marzo de 2023**, fecha de ocupación del vehículo. Sostiene que ello quedó probado mediante la hoja de inventario de vehículo, la cual fue adjuntada a la moción en oposición a la solicitud de sentencia sumaria y que especifica que el vehículo fue retenido para fines investigativos. Propone que el término aplicable comenzó a transcurrir el **24 de abril de 2023**. Es decir, a partir de la fecha en que se emitió la orden de confiscación. En virtud de lo anterior, concluye que el Gobierno tenía hasta el **24 de mayo de 2023**, para notificar de manera oportuna a las partes con interés, lo cual dio por cumplido por razón de que la notificación se depositó en el correo el **16 de mayo de 2024**.

Además, la parte apelante sostiene que subsistía una controversia sobre un hecho esencial. En específico, se refirió a que restaba determinar

si en efecto el vehículo se retuvo para fines investigativos relacionados al delito por el cual se alega fue confiscado. Sostuvo que la hoja de inventario y la orden de confiscación impedían concluir que no mediaba controversia sobre este hecho. En virtud de lo anterior, arguyó que procedía la celebración de una vista.

Por su parte, la contención principal de la apelada es que el Gobierno incumplió con su deber de notificar a las partes con interés de la ocupación del vehículo dentro de los treinta (30) días siguientes a la ocupación física de este. Sostiene que, a pesar de que la notificación de la confiscación y la orden de confiscación aludían a que el vehículo se había ocupado en virtud de la Ley Núm. 8-1987, 9 LPRA sec. 3102, *et seq.*, y en violación al Art. 285 del Código Penal, 33 LPRA sec. 5378[9], ninguno de los documentos especificaba que el vehículo hubiera sido retenido y ocupado con fines investigativos. Subrayó que nada surge del descubrimiento de prueba que pudiere llevar a concluir que el vehículo fue ocupado al amparo de alguna de las circunstancias plasmadas en la Ley 8-1987, 9 LPRA sec. 3102, *et seq.*

Evaluada la totalidad del expediente, coincidimos con la parte apelada y con el Tribunal de Primera Instancia en cuanto a que la controversia que nos concierne se limita a determinar si en este caso aplica la regla general sobre la notificación de la confiscación, la cual exige que las partes interesadas sean notificadas dentro del término jurisdiccional de treinta (30) días, contados a partir de la fecha en que se ocupó el vehículo inicialmente o, si por el contrario, nos encontramos ante una situación que amerite la aplicación de las excepciones a la referida norma general para las cuales la legislación aplicable reconoce términos de sesenta (60) o

---

[9] El Art. 285 del Código Penal tipifica como delito lo siguiente:

> Toda persona que sabiendo que alguna prueba documental o cualquier objeto pudiera presentarse en cualquier investigación, procedimiento, vista o asunto judicial, legislativo o administrativo, o cualesquiera otros trámites autorizados por ley, la destruya o esconda con el propósito de impedir su presentación, será sancionada con pena de reclusión por un término fijo de tres (3) años. Si la persona convicta es una persona jurídica será sancionada con pena de multa hasta diez mil dólares ($10,000).

33 LPRA 5378.

noventa (90) días, con el fin de que el Gobierno emita la orden y notifique de la confiscación dentro de los siguientes treinta (30) días.

Según discutimos, conforme al Art. 13 de la Ley Núm. 119-2011, 34 LPRA sec. 1724j, una vez se ordena la confiscación, existen tres términos para que el Gobierno notifique esta determinación al dueño o a la parte con interés en la propiedad ocupada; todos ellos jurisdiccionales. Es decir que, como regla general, deberá emitirse una notificación dentro de los treinta (30) días siguientes a la ocupación de la propiedad. Las excepciones a la referida norma general surgen en ocasión de que el Gobierno ocupe vehículos de motor de acuerdo con las disposiciones de la Ley Núm. 8-1987, *Ley para la protección de la propiedad vehicular de Puerto Rico*, 9 LPRA sec. 3201, *et seq.* Entonces, podrán transcurrir hasta (60) sesenta días desde la incautación hasta la notificación. También, cuando la propiedad se ocupe para propósitos investigativos relacionados a un caso civil, criminal o administrativo.

De los documentos que obran en el expediente, no surge la posibilidad de que el vehículo objeto de controversia hubiere sido utilizado en violación al Art. 285 del Código Penal, 33 LPRA sec. 5378. Tampoco surge que el apelado señor Delgado hubiera incurrido en alguna violación a la Ley Núm. 8-1987, o que el vehículo de motor hubiere sido ocupado para propósitos investigativos relacionados a un caso civil, criminal o administrativo. Por tanto, no estamos en posición de concluir que, en este caso, se configurasen las circunstancias requeridas para que aplicara alguno de los términos excepcionales provistos en el Art. 13 de la Ley Núm. 119-2011, 34 LPRA 1724j.

Así pues, al no existir controversia en cuanto a que la ocupación física del vehículo de motor ocurrió el 24 de marzo de 2023, y la notificación a las partes interesadas fue remitida mediante carta depositada en el correo el 16 de mayo de 2023, resulta evidente que la notificación se realizó fuera del término jurisdiccional de treinta (30) días aplicable a los hechos aquí planteados, por lo que procede declarar su nulidad.

## IV

Por los fundamentos expuestos, confirmamos la *Sentencia* emitida por el Tribunal de Primera Instancia el 14 de mayo de 2024, notificada al día siguiente.

Notifíquese.

Lo acordó el Tribunal y lo certifica la secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones