ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IX

| VÍCTOR INABON RUIZ SANTOS<br><br>APELADO<br><br>v.<br><br>ANTONIO LÓPEZ FIGUEROA, COMISIONADO DEL NEGOCIADO DE LA POLICÍA DE PUERTO RICO, ESTADO LIBRE ASOCIADO DE PUERTO RICO Y OTROS<br><br>APELANTES | KLAN202401162 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de Arecibo<br><br>Caso Núm.: AR2024CV00284<br><br><br><br>Sobre: Impugnación de confiscación |

Panel integrado por su presidente, el Juez Rodríguez Casillas, el Juez Marrero Guerrero, el Juez Campos Pérez y el Juez Sánchez Báez

**Sánchez Báez, Juez Ponente**

### SENTENCIA

En San Juan, Puerto Rico, a 18 de marzo de 2025.

Compareció el Gobierno de Puerto Rico (en adelante, "Gobierno" o "apelante") mediante el recurso de apelación presentado el 26 de diciembre de 2024. Nos solicitó la revocación de la *Sentencia Sumaria* emitida y notificada el 9 de octubre de 2024 por el Tribunal de Primera Instancia, Sala Superior de Arecibo (en adelante, "foro primario"). En ese dictamen, el foro primario declaró ha lugar la *Moción Solicitando Sentencia Sumaria* sobre la impugnación de confiscación de dinero presentada por el Sr. Víctor I. Ruíz Santos (en adelante, "señor Ruíz Santos" o "apelado").

Por los fundamentos que expondremos a continuación, se **revoca** la *Sentencia* apelada y se **desestima** la *Demanda* del caso de epígrafe por falta de jurisdicción.

Número Identificador

SEN2025_____

**I.**

El 14 de febrero de 2024, el señor Ruíz Santos presentó *Demanda* sobre impugnación de confiscación en la cual alegó que la confiscación de $2,149.99 en efectivo, ocupada el 15 de marzo de 2022, no le fue notificada conforme a derecho y solicitó su nulidad.[1]

Ante esto, el Gobierno presentó *Solicitud de Desestimación por Falta de Jurisdicción*[2] debido a que el señor Ruíz Santos no impugnó la notificación de la confiscación dentro de los treinta (30) días jurisdiccionales dispuestos en la Ley Núm. 119-2011, según enmendada, conocida como *Ley Uniforme de Confiscaciones de 2011*, 34 LPRA sec. 1724 *et seq.* Sostuvo, además, que la notificación de la confiscación fue realizada a la dirección conocida conforme al expediente.

En consecuencia, el señor Ruíz Santos presentó *Réplica a Moción de Desestimación*[3] en la cual argumentó que la notificación de la confiscación se envió a una dirección postal no vigente. Señaló, en síntesis, que el Gobierno debió de realizar los esfuerzos razonables para notificar de forma adecuada como consultar: (i) el Sistema de David, (ii) su licencia de conducir renovada y (iii) el expediente judicial sobre el procedimiento penal incoado en su contra por los mismos hechos que motivaron la confiscación. Asimismo, presentó *Moción Acompa[ñ]ando Exhibit* en la que adjunto copia de la licencia de conducir renovada, entre otros documentos.[4]

Así las cosas, el foro primario emitió *Resolución* mediante la cual denegó la solicitud de desestimación, puesto que determinó que la notificación de la confiscación debió ser enviada a la nueva dirección de la licencia de conducir del señor Ruíz Santos, por esta

---

[1] Apéndice del Apelante, anejo I, págs. 1-11.
[2] *Íd.*, anejo II, págs. 12-20.
[3] *Íd.,* anejo III, págs. 21-24.
[4] *Íd.,* anejo V, págs. 26-31.

haber sido renovada antes de la intervención policiaca que dio base a la confiscación.[5]

Luego, el señor Ruíz Santos presentó *Moción Solicitando Sentencia Sumaria*[6] en la que adujo que no existía controversia sustancial de hechos relacionados con la notificación inadecuada de la confiscación y que, como cuestión de derecho, procedía su anulación.

Sin embargo, el Gobierno presentó *Moción en Solicitud de Reconsideración* sobre la denegatoria de su moción dispositiva en la cual argumentó que la nueva dirección del señor Ruíz Santos no formaba parte del expediente de confiscación.[7] Para demostrarlo, adjuntó tanto una copia de la declaración jurada del agente que intervino con el señor Ruiz Santos, como una copia de la Denuncia que nació a raíz de tal intervención. Arguyó, además, que erró el foro primario al otorgar entera fe y crédito a una copia de la licencia de conducir que presentó el señor Ruíz Santos sin la celebración de una vista.

En consecuencia, el señor Ruíz Santos presentó *Réplica de Oposición a Moción de Reconsideración* mediante la cual reiteró sus argumentos anteriores.[8]

Por su parte, el Gobierno presentó *Moción en Oposición a Solicitud de Sentencia Sumaria*[9] en la que reiteró que el foro primario no tenía jurisdicción sobre la materia y señaló que no se había celebrado una vista de legitimación activa para determinar si el señor Ruíz Santos ejercía el dominio sobre la propiedad que dio base a la confiscación.

---

[5] *Íd.*, anejo VI, págs. 32-33.
[6] *Íd.*, anejo VII, págs. 34-41.
[7] *Íd.*, anejo IX, págs. 43-52.
[8] *Íd.*, anejo XI, págs. 54-55.
[9] *Íd.*, anejo XIII, págs. 57-64.

Posteriormente, el 16 de agosto de 2024, el foro primario celebró una vista argumentativa en la que las partes argumentaron las mociones dispositivas antes mencionadas y resolvió como sigue:

> **OPORTUNAMENTE, EL TRIBUNAL DISPONDRÁ POR ESCRITO**, pero en abundancia de cautela procesal, **SE SEÑALA VISTA DE LEGITIMACIÓN ACTIVA PARA EL DÍA 15 DE ENERO DE 2025 A LAS 9:00 DE LA MAÑANA**, la cual se llevará a cabo mediante videoconferencia.[10]

No obstante, el 9 de octubre de 2024, el foro primario emitió *Sentencia Sumaria* mediante la cual declaró la nulidad de la confiscación realizada y ordenó la devolución de $2,149.99 ocupados al señor Ruíz Santos.[11] A su vez, hizo las siguientes determinaciones de hechos:

1. El día 15 de marzo de 2022, el demandante Víctor Inabon Ru[í]z Santos fue detenido por la Policía de Puerto Rico por una violación a la Ley de Tránsito mientras conducía un vehículo Nissan Altima, Tablilla IYN-657 por la Carr. # 2, jurisdicción de Camuy, Puerto Rico. El vehículo pertenencia a su abuela señora María Arrieta de Santos.

2. El demandante fue procesado por una violación al Art. 404 (c) de la Ley de Sustancias Controladas y se le emitieron tres (3) boletos por violaciones a la Ley núm. 22 del año 2000 sobre Vehículos y Transito. A raíz de dicha intervención, la Policía de Puerto Rico le ocupó al demandante la cantidad de dos mil ciento cuarenta y nueve dólares con noventa y nueve centavos ($2,149.99) en efectivo y el día 25 de marzo de 2022 se emitió Orden de Confiscación por el Fiscal Luis O. Martínez Otero de la Fiscalía de Arecibo.

3. El día 31 de marzo de 2022, la Junta de Confiscaciones del Departamento de Justicia le envió una carta al demandante notificándole la confiscación del dinero que nos ocupa a Estancias de Cidra, D-11, Calle 1, Cidra, PR 00739. Dicha carta fue devuelta por el correo el día 13 de abril de 2022.

4. La dirección vigente del demandante a la fecha del envío de la notificación de la confiscación era Alturas de la Fuente, K-15, Calle 8, Caguas, PR 00725. Dicha dirección surgía de la licencia de conducir vigente y del Sistema DAVID+ del Departamento de Transportación y Obras Públicas (DTOP) desde el día 14 de enero de 2022, fecha en que se renovó su licencia de conducir. Es decir, a la fecha de la fallida notificación de la confiscación ya la dirección del demandante era la antes mencionada y no la dirección a la que se dirigió la carta con la notificación.

---

[10] *Íd.,* anejo XV, págs. 66.
[11] *Íd.,* anejo XVI, págs. 67-73.

5. Al día siguiente de la intervención policiaca, el día 16 de marzo de 2022 el demandante renovó su licencia de cannabis medicinal y también figuraba en dicho documento oficial la dirección vigente del demandante como la de Altos de la Fuentes, K-15, Calle 8, Caguas, PR 00727.

6. La Junta de Confiscaciones del Departamento de Justicia tiene acceso a las plataformas digitales del Departamento de Transportación y Obras Públicas (DTOP) y a la información personal de los acusados por las diferentes fiscalías de Puerto Rico.[12]

Inconforme con lo anteriormente resuelto, el Gobierno acudió ante este Tribunal mediante el recurso de epígrafe, en el cual señaló los siguientes errores:

Erró el foro primario al declarar "Ha Lugar" la *Demanda* de impugnación de confiscación del apelado, a pesar de que carecía de facultad para atenderla, por su presentación a un año y nueve meses de haber expirado el término jurisdiccional estatuido para ello.

Erró el foro primario al declarar "Ha Lugar" la *Demanda* de impugnación de confiscación del apelado, pues procedía su desestimación por aplicación de la doctrina de incuria, debido a su presentación a un año y once meses de la ocupación del dinero confiscado.

En la alternativa, erró el foro primario al declarar "Ha Lugar" la *Demanda* del apelado, a pesar de que este no ha demostrado que ostenta legitimación activa para impugnar la confiscación del dinero que se le ocupara.

Con el beneficio de la comparecencia de ambas partes, procedemos a exponer la normativa jurídica aplicable a la controversia ante nuestra consideración.

**II.**

**A. Jurisdicción**

En nuestro ordenamiento jurídico se ha establecido que la jurisdicción "es el poder o la autoridad que tiene un tribunal para considerar y decidir casos o controversias que tiene ante sí". *R&B Power Inc., v. Junta de Subasta*, 213 DPR 685, 698 (2024); *FCPR V. ELA et al.*, 211 DPR 521, 529 (2023). En ese sentido, el factor jurisdiccional es el primer factor que debe considerar un tribunal en toda situación jurídica que se presente para su adjudicación. *R&B*

---

[12] *Íd.*, págs. 70-71.

*Power Inc., v. Junta de Subasta,* supra, pág. 698; *FCPR V. ELA et al.,* supra, pág. 530. De manera que los asuntos jurisdiccionales son privilegiados y deben ser atendidos de forma preferente. *Allied Mgmt. Group v. Oriental Bank,* 204 DPR 374, 386 (2020).

Acorde con ello, los tribunales estamos emplazados a ser fieles guardianes de nuestra jurisdiccion y carecemos de discreción para asumirla donde no la hay. *Íd.* Por ende, la falta de jurisdicción tiene los siguientes efectos:

> (1) no es susceptible de ser subsanada; (2) las partes no pueden voluntariamente conferírsela a un tribunal como tampoco puede éste arrogársela; (3) conlleva la nulidad de los dictámenes emitidos; (4) impone a los tribunales el ineludible deber de auscultar su propia jurisdicción; (5) impone a los tribunales apelativos el deber de examinar la jurisdicción del foro de donde procede el recurso, y (6) puede presentarse en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal *motu proprio. Fuentes Bonilla v. ELA,* 200 DPR 364, 372-373 (2018).

Cónsono con lo anterior, la Regla 83 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 83., confiere autoridad al Tribunal para desestimar un recurso de apelación o denegar un auto discrecional, a iniciativa propia o a petición de parte, cuando carezca de jurisdicción. De esa forma, si al hacer el análisis jurisdiccional, el tribunal concluye que carece de jurisdicción para adjudicar la cuestión ante su consideración, tiene el deber de así declararlo y proceder con la desestimación del recurso apelativo sin entrar en los méritos de la controversia. *RuízCamilo v. Trafon Group, Inc.,* 200 DPR 254, 269 (2018).

**B. Ley Uniforme de Confiscaciones de 2011**

Nuestro ordenamiento jurídico define la confiscación como aquel "acto de ocupación que lleva a cabo el Estado de todo derecho de propiedad sobre cualesquiera bienes que hayan sido utilizados en relación con la comisión de ciertos delitos". *Universal Ins. y otros v. ELA y otros,* 211 DPR 455, 463 (2023). Ahora bien, la confiscación

tiene dos variantes: (i) la confiscación *in personam* y (ii) la confiscación *in rem. Coop. Seg. Múlt. v. ELA*, 180 DPR 655, 664 (2011).

Por un lado, la confiscación *in personam* es aquella acción penal que se produce como resultado de un veredicto de culpabilidad en un procedimiento criminal y se imputa como una sanción contra el ofensor. *Universal Ins. y otros v. ELA y otros,* supra, pág. 464. Mientras que, la confiscación *in rem* es una acción civil dirigida contra la cosa misma y no contra la persona, es decir, dueño, poseedor, encargado u otra persona con interés legal sobre la cosa. *Íd.* Además, se considera como una acción civil distinta y separada del procedimiento criminal. *Íd.* Los requisitos primordiales para determinar si procede una confiscación *in rem* son: (1) la existencia de prueba suficiente y preponderante de que se ha cometido un delito; y (2) un nexo entre la comisión del delito y la propiedad confiscada. *Íd.*, pág. 466.

La Ley Núm. 119-2011, según enmendada, conocida como *Ley Uniforme de Confiscaciones de 2011*, 34 LPRA sec. 1724 *et seq.* (en adelante, "Ley de Confiscaciones") regula el proceso de confiscación en Puerto Rico. Cónsono con lo anterior, el referido estatuto dispone en su Artículo 8 que:

> El proceso de confiscación será uno civil dirigido contra los bienes e independiente de cualquier otro proceso de naturaleza penal, civil o administrativa que se pueda llevar contra el dueño o el poseedor de los bienes ocupados bajo las disposiciones de cualquier ley que autorice la confiscación de bienes por parte del Estado. Los procesos de confiscación bajo esta Ley podrán llevarse a cabo y culminarse antes de que se acuse, se declare culpable o absuelva al acusado. Debido al carácter civil del proceso, la culpabilidad o inocencia del acusado no deberá tomarse en cuenta en el proceso de confiscación, solo deberá tomarse en cuenta la adjudicación de los hechos en sus méritos. Lo determinante en este proceso será si el bien en cuestión fue utilizado en la comisión de un delito independientemente del resultado de la acción criminal o de alguna otra naturaleza. 34 LPRA sec. 1724e.

En virtud del debido proceso de ley, el Artículo 15 de la Ley de Confiscaciones autoriza a toda persona que ostente un interés

propietario sobre un bien confiscado, a iniciar un procedimiento de impugnación de confiscación contra el Estado. 34 LPRA sec. 1724l. Para lo cual, "el Tribunal ordenará una vista sobre legitimación activa para establecer si el demandante ejercía dominio y control sobre la propiedad en cuestión antes de los hechos que motivaron la confiscación." *Íd.* En particular, el Artículo 15 del referido estatuto establece que:

> Las personas notificadas, según lo dispuesto en esta Ley y que demuestren ser dueños de la propiedad, podrán impugnar la confiscación dentro de los treinta (30) días siguientes a la fecha en que se reciba la notificación, mediante la radicación de una demanda contra el Estado Libre Asociado de Puerto Rico, y el funcionario que autorizó la ocupación, debiéndose emplazar al Secretario de Justicia dentro de los quince (15) días siguientes a la fecha en que se presentó la demanda. *Íd.*

A esos efectos, para poder iniciar un procedimiento de impugnación se requiere el incumplimiento con el requisito de notificación de confiscación, a saber:

> Toda confiscación se notificará por correo certificado dentro de un término jurisdiccional de treinta (30) días, siguientes a la fecha de la ocupación física de los bienes. La notificación se hará a la dirección conocida del alegado dueño, **encargado o persona con derecho o interés en la propiedad, según consta del expediente de la confiscación.** (énfasis suplido). 34 LPRA sec. 1724j.

Ante una devolución de la notificación, la propia ley adelanta que los términos antes indicados comenzarán a computarse desde que la referida notificación de confiscación sea recibida por el Departamento de Justicia. 34 LPRA sec. 1724l. Además, establece que tales términos son jurisdiccionales. *Íd.*

Por último, vale señalar que los tribunales estamos obligados a interpretar las disposiciones atinentes a las confiscaciones de manera restrictiva, debido a sus implicaciones constitucionales. *Reliable Financial v. ELA*, 197 DPR 289, 303 (2017).

**III.**

De entrada, como foro revisor, estamos obligados a examinar nuestra jurisdicción para atender el recurso que nos ocupa. Veamos.

Sobre esto, el apelante adujo que el foro primario incidió al declarar Ha Lugar la *Demanda* sobre impugnación de confiscación de forma sumaria debido a que carecía de facultad jurisdiccional para ello. En específico, argumentó que la acción fue presentada luego del transcurso de un (1) año y nueve (9) meses de haber prescrito el término jurisdiccional estatuido por ley. Razón por la cual, sostuvo que procedía la desestimación de la *Demanda* y el presente recurso de apelación.

Según, expusimos en el derecho aplicable, el Artículo 15 de la Ley de Confiscaciones, *supra*, no le exige al apelante a renotificar la confiscación en aquellos casos en que la notificación sea devuelta. Al contrario, el referido artículo dispone que, si la notificación es devuelta, el término para impugnar la confiscación comenzará a transcurrir desde que el Departamento de Justicia recibe la misma, sin la necesidad de volver a notificar.

Del expediente ante nuestra consideración, surge que el apelante remitió notificación de la confiscación el 31 de marzo de 2022 y la misma fue devuelta el 13 de abril de 2022. Así las cosas, en todo caso, el término jurisdiccional de treinta (30) días dispuesto por el Artículo 15 del precitado estatuto, para que el apelado presentara una acción de impugnación de la confiscación, comenzó a decursar desde la fecha que el apelante recibió la notificación devuelta, es decir, el 13 de abril de 2022. Sin embargo, el apelado presentó *Demanda* tardíamente, el 14 de febrero de 2024.

En contraposición a lo anterior, el apelado alegó que, ante la ausencia de una notificación adecuada de la confiscación por parte del Gobierno, se activó su garantía constitucional a un debido proceso de ley. Enfatizó, además, que el Gobierno debió realizar los

esfuerzos razonables para volver a notificar cuando la notificación le fue devuelta por correo.

En lo pertinente, el Artículo 13 de la Ley de Confiscaciones, *supra*, establece que la notificación de confiscación se enviará a la dirección conocida que conste en el expediente de confiscación.

Siendo esto así, el expediente demuestra que la confiscación fue notificada al apelado el 31 de marzo de 2022 a la siguiente dirección: Estancias de Cidra, D 11 calle 1, Cidra, PR, 00739, por correo certificado con acuse de recibo. Esta es la misma dirección que consta en la *Denuncia*, con fecha del 17 de marzo de 2022, impuesta contra el apelado por los mismos hechos que motivaron la confiscación en el caso de epígrafe. A pesar de ello, el foro primario determinó que la notificación de confiscación debió ser enviada a la dirección vigente en la licencia de conducir del apelado. Aun cuando estableció en su *Sentencia Sumaria* que, al momento de la intervención policiaca, se expidieron contra el apelado tres (3) boletos por faltas administrativas a la Ley Núm. 22-2000, según enmendada, conocida como *Ley de Vehículos y Tránsito de Puerto Rico*, 9 LPRA sec. 5001 *et seq.,* por los siguientes motivos, a saber: (1) no llevar consigo el certificado de licencia, (2) conducir sin los documentos que lo autorizan a transitar y (3) otros. Cabe resaltar que, la declaración jurada del Agente William Méndez Guzmán reitera que la licencia de conducir no fue provista por el apelado al momento de la detención policiaca.

Ante este cuadro fáctico, sin duda alguna, concluimos que incidió el foro primario al declarar Ha Lugar la *Demanda* de impugnación de confiscación presentada por el apelado. En primer lugar, afirmamos que el estándar de notificación que requiere la Ley de Confiscaciones, *supra,* es que sea remitido a la dirección conocida que consta en el expediente de confiscaciones. De manera que el referido estatuto no le requiere a la Junta de Confiscaciones buscar

y cotejar en otros lugares o sistemas cual es la dirección de la parte con interés. Por ende, el apelante cumplió con el estándar de notificación establecido por el precitado estatuto. Segundo, la acción del apelado estaba prescrita por incumplimiento con el término jurisdiccional de treinta días dispuesto en la Ley de Confiscaciones, *supra,* para presentar la acción de impugnación de confiscación. Por lo tanto, este tribunal revisor no ostenta jurisdicción para atender el recurso que nos ocupa.

**IV.**

Por los fundamentos anteriormente expuestos, **revocamos** la *Sentencia* apelada y procedemos a **desestimar** la *Demanda* del caso de epígrafe por falta de jurisdicción.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda.  Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones