Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| UNIVERSAL INSURANCE COMPANY POPULAR AUTO<br><br>Apelantes<br><br>Vs.<br><br>ESTADO LIBRE ASOCIADO DE PUERTO RICO, SECRETARIO DE JUSTICIA Y SUPERINTENDENTE POLICÍA DE PUERTO RICO<br><br>Apelados | KLAN202500215 | *Apelación* procedente del Tribunal de Primera Instancia, Sala de Caguas<br><br>Sobre: Impugnación de confiscación<br><br>Caso Núm.: CG2024CV00416 |

Panel integrado por su presidente, el Juez Rodríguez Casillas, el Juez Marrero Guerrero, el Juez Campos Pérez y el Juez Sánchez Báez.

Rodríguez Casillas, juez ponente.

**SENTENCIA**

En San Juan, Puerto Rico, a 28 agosto de 2025.

Comparece ante nos, Popular Auto ("Popular Auto" o "demandante-apelante") para que revoquemos la *Sentencia* emitida el 4 de febrero de 2025,[1] por el Tribunal de Primera Instancia, Sala Superior de Caguas ("TPI" o "foro de instancia").[2] En esta, se declaró *No Ha Lugar* a la *Demanda* presentada el 8 de febrero de 2024 por Universal Insurance Company ("Universal") y Popular Auto.

Por los fundamentos que se exponen a continuación, **confirmamos** la *Sentencia* recurrida. Veamos los fundamentos.

**-I-**

El **3 de diciembre de 2023**, la Sra. Cai Liu Zhao Zhan ("señora Zhao Zhan") realizó una llamada al Sistema 9-1-1 e informó sobre una discusión con su pareja, el Sr. Yueping Wu ("señor Wu").[3] Según se desprende del *Reporte del Incidente*, que luego de la

---

[1] Notificada el 12 de febrero de 2025.
[2] Apéndice del apelante, Anejo 1, a las págs. 1-11.
[3] Apéndice del apelante, Anejo 12, a las págs. 69-82, 80.

Número Identificador
SEN2025_____

discusión, el señor Wu sostuvo a la señora Zhao Zhan por el hombro y le quitó las llaves del automóvil Jeep Compass Sport, color gris, año 2020, tablilla JJY-883 ("vehículo" o "Jeep").[4] Acto seguido, el señor Wu realizó varias detonaciones mientras se encontraba en el interior del vehículo.[5]

Como consecuencia de ello, el Negociado de la Policía de Puerto Rico ("NPPR") intervino y el **6 de diciembre de 2023** ocupó el Jeep para fines investigativos. Además, obtuvo una *Orden de Registro y Allanamiento* para registrar el mismo.[6] Como resultado de dicha investigación, el **14 de diciembre de 2023**, se encontraron en el interior del vehículo: cincuenta y un (51) casquillos de bala calibre 45; dos (2) proyectiles; dos (2) balas calibre 45; un (1) resorte; un (1) cañón calibre 45; un (1) cargador largo calibre 45 plástico rojo y; dos (2) radio de corta frecuencia color negro (RETEV15).[7]

Así pues, el **21 de diciembre de 2023**, la Junta de Confiscaciones emitió una *Orden de Confiscación* contra el vehículo Jeep, siendo esta notificada a su titular, Popular Auto,[8] el **17 de enero de 2024**.[9]

En consecuencia, el **8 de febrero de 2024** Universal y Popular Auto presentaron una *Demanda* sobre impugnación de confiscación en contra del Estado Libre Asociado de Puerto Rico, Secretario de Justicia y Superintendente Policía de Puerto Rico ("Gobierno de Puerto Rico" o "demandado-apelado").[10] En síntesis, alegaron que la referida confiscación era nula por no haberse cumplido con los requisitos de la *Ley Uniforme de Confiscaciones de 2011* ("*Ley de Confiscaciones*"), *infra,* y por no haberse notificado dentro del término legal.

---

[4] *Íd.*
[5] *Íd.*
[6] *Íd.*, a las págs. 81-82.
[7] Apéndice del apelante, Anejo 12, a las págs. 75-76.
[8] Apéndice del apelante, Anejo 2, a la pág. 18.
[9] Apéndice del apelante, Anejo 2, a las págs. 15-18.
[10] Apéndice del apelante, Anejo 2, a las págs. 12-18.

Oportunamente, el Gobierno de Puerto Rico sometió el **29 de febrero de 2024**, su *Contestación a demanda*.[11] En esencia, solicitó se declarara *Sin Lugar* la demanda, ya que Popular Auto y Universal tenían el peso de la prueba para derrotar la legalidad de la confiscación. Además, señaló que conforme a la *Ley de Confiscaciones*:

> *[T]oda confiscación se notificará por correo certificado dentro de un término jurisdiccional de treinta (30) días, siguientes a la ocupación física de los bienes.[12]*

Asimismo, hizo mención de la *Ley de Confiscaciones* sobre las incautaciones para propósitos investigativos:

> *[E]n aquellos casos en que se incaute y retenga cualquier propiedad para alguna investigación relacionada a cualquier acción penal, civil, administrativa o cualquier otra, o como evidencia física, los treinta (30) días para notificar comenzarán a contarse una vez concluya dicha acción y se expida la correspondiente orden de confiscación.[13]*

Posteriormente, el **19 de marzo de 2024** el TPI celebró una vista de legitimación activa,[14] en la cual emitió *Sentencia Parcial* ordenando la desestimación de la causa de acción en cuanto a Universal;[15] además, dictó una *Resolución y Orden* reconociendo la legitimación activa de Popular Auto para incoar la causa de acción.[16]

Eventualmente, el **13 de junio de 2024**, Popular Auto presentó una *Moción solicitando sentencia sumaria por notificación tardía*.[17] Argumentó, entre otros, que la notificación [de confiscación] fue tardía, puesto que no se desprendía que el vehículo [Jeep] hubiese sido retenido para una investigación, ni que estuviese relacionado con el delito imputado.[18] En consecuencia, señaló que la confiscación fue nula, dado que el término para notificar había comenzado a transcurrir desde que se ocupó el vehículo el 6 de

---

[11] Apéndice del apelante, Anejo 3, a las págs. 19-26.
[12] *Íd.*, a la pág. 23.
[13] *Íd.*
[14] Apéndice del apelante, Anejo 5, a las págs. 30-31; Apéndice del apelante, Anejo 6, a las págs. 32-33.
[15] Apéndice del apelante, Anejo 7, a la pág. 34.
[16] Apéndice del apelante, Anejo 8, a la pág. 35.
[17] Apéndice del apelante, Anejo 11, a las págs. 59-68.
[18] *Íd.*, a la pág. 60.

diciembre de 2023, y por tanto, la notificación del 17 de enero de 2024 se había excedido del término jurisdiccional de treinta (30) días. En vista de lo anterior, solicitó se declarara *Ha Lugar* la demanda.

A modo de réplica, el **17 de julio de 2024** el Gobierno de Puerto Rico sometió su *Oposición a moción en solicitud de sentencia sumaria.*[19] En síntesis, arguyó que no era aplicable la norma general de notificar la confiscación dentro de los treinta (30) días desde la ocupación, dado que el vehículo [Jeep] fue retenido para una investigación criminal, la cual, culminó el 21 de diciembre de 2023 con la expedición de la orden de confiscación. Dado lo anterior, señaló que, ante la controversia sobre la investigación criminal, no procedía se dictara sentencia sumaria, especialmente, presumiéndose la validez de la confiscación conforme lo establecido en la *Ley de Confiscaciones.*

Así pues, el **17 de julio de 2024**,[20] el TPI emitió una *Resolución* mediante la cual declaró *No Ha Lugar* la solicitud de sentencia sumaria presentada por Popular Auto.[21] Además, realizó las siguientes determinaciones de hechos no controvertidos:

1. *Cai Liu Zhao Zhan compró un vehículo Jeep Compass Sport del año 2020 con número de tablilla JJY-883. Dicho vehículo fue financiado y firmado un contrato de venta al por menor a plazos.*
2. *El vehículo antes mencionado fue asegurado por Universal Insurance Company, mediante póliza que cubre el riesgo de confiscación y que incluye a Popular Auto como Loss Payee.*
3. *El Tribunal de Primera Instancia, en vista celebrada, reconoció la legitimación activa de la parte demandante.*
4. *El 6 de diciembre de 2023, el Estado Libre Asociado confiscó el vehículo en cuestión por alegadamente haber sido utilizado en violación del Artículo 3.1 de la Ley 54, y Artículos 6.05 y 6.14 de la Ley de Armas en Caguas, Puerto Rico. La unidad fue tasada en $15,000.00.*

---

[19] Apéndice del apelante, Anejo 12, a las págs. 69-82.
[20] Notificada el 19 de julio de 2024.
[21] Apéndice del apelante, Anejo 13, a las págs. 83-87.

5. *El vehículo fue ocupado el 6 de diciembre de 2023, y la notificación a la entidad financiera se realizó el 17 de enero de 2024.*

Asimismo, determinó que los siguientes hechos estaban en controversia y ameritaban la celebración de una vista plenaria:

1. *Si el vehículo fue retenido para una investigación.*
2. *Si procede que se declare Con Lugar la presente demanda de impugnación de confiscación, por haberse notificado fuera de los términos dispuestos por ley, lo que hace que la confiscación habida por el Estado sea una nula.*

El **2 de octubre de 2024**,[22] el TPI celebró la *Conferencia con Antelación al Juicio.*[23] En esta se admitieron como *exhibits* el *Reporte del Incidente (5 folios)* y la *Sentencia Condenatoria del 20 de mayo de 2024, según enmendada el 24 de junio de 2024.*[24]

El **14 de enero de 2025**,[25] se celebró el *Juicio en su Fondo.*[26] En este testificó el Agente Solá Orellano.

El **4 de febrero de 2025**,[27] el TPI emitió una *Sentencia.* En esta precisó que, en el caso de autos, "se [había cumplido] con los requisitos de que 'contemporáneamente o cercano a la incautación exista o se inicie algún tipo de investigación de naturaleza civil, penal o administrativa [...] que esa investigación esté de alguna manera vinculada a la razón para ocupar la propiedad incautada'."[28]

Así pues, determinó que:

*[T]oda vez que, desde que se ocupó el vehículo el 6 de diciembre de 2023, hasta que el Ministerio Público autorizó la confiscación del vehículo, el Estado se encontraba llevando a cabo una investigación de naturaleza criminal, el término con el que contaba el Estado para notificar la confiscación era el extendido bajo las circunstancias especiales previamente discutidas en esta determinación, por lo que la notificación fue hecha dentro del término legal dispuesto para ello.*

*La necesidad de esta investigación se desprende de las circunstancias que rodean la ocupación, la cual requirió la expedición de una orden de registro y allanamiento del vehículo y habiendo sido registrado el mismo por la Policía de Puerto Rico. Esta investigación culminó el 21 de diciembre de 2023, con la expedición de una Orden de Confiscación. Por lo*

---

[22] Notificado el 9 de octubre de 2024.
[23] Apéndice del apelante, Anejo 10, a las págs. 54-58.
[24] *Íd.*, a la pág. 55.
[25] Minuta notificada el 15 de enero de 2025.
[26] Apéndice del apelante, Anejo 14, a las págs. 88-89.
[27] Notificada el 12 de febrero de 2025.
[28] *Reliable Financial v. ELA*, 197 DPR 289, 306 (2017).

*cual, resolvemos que la notificación de la confiscación estuvo conforme a derecho.*

De modo que, al resolver que la notificación de la confiscación fue conforme a derecho, declaró *No Ha Lugar* la demanda instada por Popular Auto.

El **13 de marzo de 2025**, Popular Auto instó un *Recurso de apelación* y señaló el siguiente error:

> *ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA, SALA DE CAGUAS, AL DETERMINAR QUE, EN EL CASO DE EPÍGRAFE, EL ESTADO DEMOSTRÓ QUE HUBO UNA INVESTIGACIÓN Y QUE LA MISMA ESTUVO RELACIONADA CON EL VEHÍCULO CONFISCADO Y QUE POR LO TANTO LA NOTIFICACIÓN DE LA CONFISCACIÓN FUE UNA ADECUADA.*

El **5 de junio de 2025**, el Gobierno de Puerto Rico presentó su *Alegato*. En esencia, señaló que la notificación de la confiscación fue conforme a derecho. Por lo que, solicitó se confirmara la *Sentencia* emitida por el foro de instancia.

Con el beneficio de la comparecencia de ambas parte, procederemos a resolver.

**-II-**

**-A-**

Estamos consciente que un tribunal revisor no debe sustituir su criterio por el del foro de instancia, salvo cuando estén presentes circunstancias extraordinarias o indicios de pasión, prejuicio, parcialidad o error manifiesto.[29]

La citada norma de deferencia también es aplicable a las *decisiones discrecionales* de los tribunales de instancia. En cuanto a este particular, nuestro Alto Foro ha expresado lo siguiente:

> *No hemos de interferir con los tribunales de instancia en el ejercicio de sus facultades discrecionales, excepto en aquellas situaciones en que se demuestre que este último **(1)** actuó con prejuicio o parcialidad, **(2)** incurrió en un craso abuso de discreción, o **(3)** se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo.[30]*

Lo importante al momento de ejercer la función revisora es

---

[29] *Coop. Seguros Múltiples de PR v. Lugo*, 136 DPR 203, 208 (1994).
[30] *Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000).

determinar cuándo un tribunal ha abusado de su discreción, ello, no constituye una tarea fácil.[31]

Por lo tanto, para realizarla adecuadamente nuestro Tribunal Supremo nos ha indicado que el adecuado ejercicio de discreción judicial está estrechamente relacionado con el concepto de razonabilidad.[32]

**-B-**

La *Ley Uniforme de Confiscaciones de 2011*, según enmendada, es una ley especial que establece como política pública un procedimiento civil que atiende y facilita el proceso de confiscación de bienes muebles e inmuebles por parte del Estado cuando estos están relacionados a la comisión de determinados delitos.[33] Por lo tanto, el propósito de la confiscación es uno punitivo, pues tiene la intención de evitar que el vehículo o la propiedad confiscada pueda volverse a utilizar para fines ilícitos, y también, sirve de castigo para disuadir los actos criminales.[34]

Sobre los bienes que podrán estar sujetos a la confiscación a favor del Estado, el Artículo 9 de la aludida ley dispone:

> *Estará sujeta a ser confiscada, a favor del Gobierno de Puerto Rico, toda propiedad que resulte, sea producto o se utilice, durante la comisión de delitos graves y de aquellos delitos menos graves en los que por ley se autorice la confiscación, cuando tales delitos graves y menos graves se encuentren tipificados en el Código Penal de Puerto Rico, en las leyes de sustancias controladas, de armas y explosivos, en las leyes contra el crimen organizado, en las leyes de juegos prohibidos, bebidas alcohólicas, leyes fiscales, leyes contra la apropiación ilegal de vehículos, leyes de vehículos y tránsito y de embarcaciones; así como en otras leyes y en aquellos estatutos confiscatorios en los que por ley se autorice la confiscación. Toda propiedad que esté sujeta a una sentencia de confiscación que así lo autorice, será confiscada a favor del Gobierno de Puerto Rico.[35]*

Ahora bien, siendo la propiedad un derecho constitucional de carácter fundamental, el Tribunal Supremo de Puerto Rico ha

---

[31] *Íd.*
[32] *Íd.*
[33] Art. 2 de la Ley Núm. 119-2011, 34 LPRA sec. 1724.
[34] *Centeno Rodríguez v. ELA*, 170 DPR 907, 913 (2007).
[35] 34 LPRA sec. 1724f.

establecido como principios rectores que los estatutos relacionados a confiscaciones deben ser interpretados *de manera restrictiva de suerte que resulten consistentes con la justicia y los dictados de la razón natural.*[36] Desde esa óptica, ha expresado que ante la naturaleza punitiva de las confiscaciones, estas no son favorecidas por las cortes y la interpretación de los estatutos que las autorizan debe ser restrictiva.[37]

El proceso de confiscación tiene dos (2) modalidades: **(1)** confiscación criminal y **(2)** confiscación civil. La primera de estas modalidades va dirigida contra la persona imputada del delito o el poseedor de dicha propiedad al realizarse el delito imputado.[38] Esta modalidad es un procedimiento *in personam,* el cual es parte de la acción criminal que se realiza en contra del alegado autor del delito base que origina la confiscación.[39] En dicho proceso criminal, de encontrarse culpable a la persona imputada, la sanción impuesta por la sentencia consiste en la confiscación del bien incautado.[40]

Por su parte, la segunda modalidad es una de carácter *in rem* distinta y separada del proceso *in personam.*[41] Se trata de una acción civil que se dirige contra el bien confiscado y no contra el dueño de la propiedad, poseedor, encargado, o cualquier otra persona con interés legal sobre el bien.[42] Es decir, en la acción *in rem* se imputa la utilización de la propiedad confiscada en la comisión de un delito.[43] Así, la confiscación *in rem* permite al Estado proceder directamente contra la propiedad como parte de una *ficción jurídica* que considera que a la cosa incautada —en este caso un

---

[36] *Coop. Seg. Múltiples v. ELA,* 180 DPR 655, 668 (2011); *Pueblo v. González Cortés,* 95 DPR 164, 168 (1967). *Énfasis nuestro.*
[37] *Coop. Seg. Múltiples v. ELA, supra,* pág. 668.
[38] *MAPFRE v. ELA,* 188 DPR 517, 525 (2013).
[39] *Coop. Seg. Múltiples v. ELA, supra,* pág. 664.
[40] *MAPFRE v. ELA, supra,* pág. 525; *Coop. Seg. Múltiples v. ELA, supra,* pág. 664.
[41] *MAPFRE v. ELA, supra,* pág. 525.
[42] *Doble Seis Sport TV v. Depto. De Hacienda,* 190 DPR 763, 784 (2014). Véase, además, el Artículo 8 de la *Ley de Confiscaciones, supra,* 34 LPRA sec. 1724e.
[43] *Del Toro Lugo v. ELA,* 136 DPR 973, 982 (1994).

vehículo de motor— como medio o producto del delito, se le puede fijar responsabilidad independientemente del autor del crimen.[44]

No obstante, la *ficción jurídica* que permite ir directamente contra la cosa como si esta fuera responsable de la conducta criminal, la realidad es que en todo caso de confiscación *"[d]ebe existir un vínculo entre la propiedad confiscada y la comisión de un delito."*[45] Es decir, aun cuando la confiscación *in rem* puede efectuarse: **(1)** antes de acusar a la persona, **(2)** antes de que exista una declaración de culpabilidad o absolución o **(3)** antes, incluso, de que se presente algún cargo criminal, el Estado tiene que demostrar que la propiedad confiscada fue utilizada en una **actividad delictiva**.[46]

> *[C]omo toda ley civil relacionada indirectamente con la comisión de un delito, **su ánimo correctivo parte del supuesto de una persona culpable de su infracción**. Igualmente, hemos reconocido que su objetivo es castigar por la comisión de una ofensa contra la ley. **La conexión entre el proceso de confiscación in rem, por un lado, y la conducta criminal base y el autor de dicha conducta criminal por el otro es evidente:** "El derecho del Estado de tomar posesión de la cosa surge del mal uso que se le haya dado a ésta".*[47]

De manera que la *ficción jurídica* en las confiscaciones *in rem* no puede ser aplicada de forma automática y absoluta.[48] La evaluación de la procedencia de una confiscación civil debe realizarse a tenor con las circunstancias particulares de cada caso, ya que como mencionáramos, la naturaleza *in rem* de la acción no la desviste de su condición esencialmente punitiva y de infligir castigo.[49]

En ese sentido, nuestro Tribunal Supremo ha establecido el estándar de prueba que tiene que presentar el Estado para satisfacer el procedimiento *in rem* ante una impugnación de

---

[44] *Coop. Seg. Múlt. v. ELA., supra,* pág. 665.
[45] *Íd.,* pág. 668. *Énfasis nuestro.*
[46] *Íd.*
[47] *Íd.,* págs. 667-668. *Citas omitidas. Énfasis nuestro.*
[48] *Íd.,* pág. 670.
[49] *Íd.*

confiscación. A saber: *(1) prueba suficiente y preponderante de que se ha cometido un delito, y (2) de un nexo entre la comisión del delito y la propiedad confiscada.*[50] No cabe duda de que el desenlace del procedimiento civil de confiscación está íntimamente relacionado a la causa criminal;[51] por lo cual:

> *[S]e desprende un decidido desarrollo de nuestra jurisprudencia hacia condicionar el proceso civil de confiscación al resultado de la causa criminal contra el alegado autor del delito que da base a dicha confiscación, **incluso en casos en donde la absolución en el caso criminal no sea en los méritos.** Es decir, no se trata únicamente de la aplicación de la doctrina de impedimento colateral por sentencia, **sino de excepciones a la independencia del proceso in rem basadas en la extinción de la acción penal contra la persona presuntamente responsable del delito.**[52]*

Con respecto a la notificación de la confiscación, el Art. 13 de la *Ley de Confiscaciones, supra,* establece que:

> *[T]oda confiscación se notificará por correo certificado dentro de un término jurisdiccional de treinta (30) días, siguientes a la fecha de la ocupación física de los bienes. La notificación se hará a la dirección conocida del alegado dueño, encargado o persona con derecho o interés en la propiedad, según consta del expediente de la confiscación.* (Énfasis nuestro).
>
> *En el caso de vehículos de motor que sean ocupados en virtud de la Ley Núm. 8 de 5 de agosto de 1987, según enmendada, conocida como "Ley para la Protección de la Propiedad Vehicular" (9 L.P.R.A. §§ 3201 et seq.),* la notificación se hará dentro de los treinta (30) días siguientes a partir del término de treinta (30) días dispuestos para que los oficiales del orden público lleven a cabo una investigación sobre el bien ocupado. Un vehículo ocupado al amparo de la "Ley para la Protección de la Propiedad Vehicular", no será confiscado a favor del Gobierno de Puerto Rico hasta tanto se culmine el procedimiento dispuesto en dicha Ley. El mismo se mantendrá bajo la custodia de la Policía hasta que se culmine la investigación correspondiente.
>
> ***En aquellos casos en los que se incaute y retenga cualquier propiedad para alguna investigación relacionada con cualquier acción penal, civil, administrativa o cuando el bien es indispensable para la investigación o como evidencia en el caso, el término para culminar la investigación y emitir la orden de confiscación no excederá de noventa (90) días. Los treinta (30) días para notificar la confiscación comenzarán a contarse una vez concluya dicha acción y se expida la correspondiente orden de confiscación.*** (Énfasis nuestro).

---

[50] *Doble Sport TV v. Depto. De Hacienda, supra,* pág. 784; *Suárez v. ELA.,* 162 DPR 43,52 (2004). *Énfasis nuestro.*
[51] *Coop. Seg. Múlt. v. ELA, supra,* pág. 673.
[52] *Íd.,* pág. 676.

Es decir, como norma general, la notificación sobre la confiscación de algún bien mueble, se realizará dentro de un término jurisdiccional de treinta (30) días. Sin embargo, en aquellos casos en los que se incaute y retenga la propiedad para fines investigativos, los treinta (30) días para notificar la confiscación comenzarán a transcurrir desde que se concluya la investigación y se expida la correspondiente orden de confiscación. Por lo que, para que el Estado pueda valerse de este periodo de tiempo, deberá demostrar que: **(1)** contemporáneo o cercano a la incautación existía o se inició alguna investigación; y **(2)** dicha investigación está vinculada al motivo inicial por el que se ocupó la propiedad.[53]

Por su parte, el Artículo 15 de la *Ley de Confiscaciones, supra,* establece que en el proceso de impugnación de confiscación:

> *[s]e presumirá la legalidad y corrección de la confiscación independientemente de cualquier otro caso penal, administrativo o cualquier otro procedimiento relacionado a los mismos hechos. El demandante tiene el peso de la prueba para derrotar la legalidad de la confiscación. [...][54]*

De manera que, si el Estado establece los dos (2) elementos necesarios para activar la presunción de corrección, recae sobre el demandante el peso de la prueba para derrotar la legalidad de la confiscación.

-III-

En el *Recurso de Apelación* ante nuestra consideración, Popular Auto nos plantea como único señalamiento de error que el TPI incidió al determinar, que en el caso de autos el Estado demostró que hubo una investigación relacionada con el vehículo confiscado y que, por tanto, la notificación de la confiscación fue adecuada. No le asiste la razón. Veamos.

Conforme esbozado anteriormente, la *Ley de Confiscaciones* confiere un término jurisdiccional de treinta (30) días a partir de la

---

[53] *Reliable Financial v. ELA, supra,* pág. 302.
[54] 34 LPRA sec. 1724*l*; *Universal v. ELA,* 211 DPR 455, 470-471.

ocupación del bien para notificar la confiscación de este. Sin embargo, exceptúa del cumplimiento de dicho término aquellas instancias en que se incauta o retiene un bien para fines investigativos. Para ello el Estado debe demostrar que: *(1) contemporáneo o cercano a la incautación existía o se inició alguna investigación; y (2) dicha investigación está vinculada al motivo inicial por el que se ocupó la propiedad.*[55] De modo que, en estas situaciones, el Estado tendrá no más de noventa (90) días para culminar la investigación y emitir la correspondiente orden de confiscación. Así pues, a partir de entonces, el Estado tendrá treinta (30) días para notificar la orden de confiscación.

En el caso ante nos, el **3 de diciembre de 2023**, la señora Zhao Zhan reportó a través del 9-1-1 un incidente en el cual su pareja, el señor Wu, le agarró por el hombro y le quitó las llaves del vehículo Jeep. Acto seguido, la señora Zhao Zhan declaró que este realizó varias detonaciones desde el mencionado vehículo. Así las cosas, el **6 de diciembre de 2023**, el Gobierno de Puerto Rico ocupó el vehículo del señor Wu, para propósitos investigativos. Posteriormente, obtuvo una *Orden de Registro y Allanamiento*, en la cual se encontró cincuenta y un (51) casquillos de bala calibre 45; dos (2) proyectiles; dos (2) balas calibre 45; un (1) resorte; un (1) cañón calibre 45; un (1) cargador largo calibre 45 plástico rojo y; dos (2) radios de corta frecuencia color negro (RETEV15).[56]

Luego de una rigurosa evaluación del expediente ante nuestra consideración, entendemos que, de los propios hechos del caso, así como la evidencia presentada, se desprende la finalidad investigativa de la ocupación del vehículo Jeep. Por ende, el término para notificar la confiscación, a tono con la *Ley de Confiscaciones*, comenzó a transcurrir desde la fecha en que finalizó la investigación

---

[55] *Reliable Financial v. ELA, supra.*
[56] Apéndice del apelante, Anejo 12, a las págs. 75-76.

y no desde la ocupación del vehículo. Es decir, a partir de la culminación de la investigación, así como de la emisión de la orden de confiscación —**21 de diciembre de 2023**—, el Gobierno de Puerto Rico tenía treinta (30) días para notificar a Popular Auto sobre la confiscación. De un cálculo matemático se desprende que dicha notificación debía ser realizada, a no más tardar el **22 de enero del 2024**. En vista de que la notificación en este caso se efectuó el **17 de enero de 2024**, determinamos que la misma fue conforme a derecho.

En consecuencia, la *Sentencia* apelada es una correcta y carente de pasión, prejuicio, parcialidad o error manifiesto, por lo cual, no existe razón para sustituir el criterio del foro primario por el nuestro.

**-IV-**

Por los fundamentos antes expuestos **confirmamos** la *Sentencia* apelada.

Lo acordó el Tribunal y certifica la secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones